IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| WASHINGTON MUTUAL, INC., et al.,[1] | : | Case No. 08-12229 (MFW) |
| Debtors. | : | Jointly Administered |
| JPMORGAN CHASE BANK, N.A., | : | |
| Plaintiff, | : | Adversary Proceeding No. 09-50551 (MFW) |
| v. | : | |
| WASHINGTON MUTUAL, INC. and WMI INVESTMENT CORP., | : | |
| Defendants, | : | |
| - and - | : | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | : | |
| Additional Defendant. | : | |

**CERTIFICATION OF COUNSEL FOR ORDER AMENDING CAPTION
AND DOCKET TO REFLECT THE TWO SEPARATE CAPACITIES OF
DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION**

Defendants the Federal Deposit Insurance Corporation, in its capacity as receiver of

Washington Mutual Bank (the "FDIC-Receiver"), and the Federal Deposit Insurance

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

Corporation, in its corporate capacity ("FDIC Corporate"), respectfully requests an order amending the caption in this adversary proceeding to reflect their participation in this adversary proceeding in these separate legal capacities and to amend the docket and ECF system for this action to show them as separate defendants in this action for all purposes.

The caption in this adversary proceeding lists the Federal Deposit Insurance Corporation (the "FDIC") as a single party and does not recognize the separate capacities in which FDIC-Receiver and FDIC-Corporate have been sued and will defend themselves in this action. Similarly, the docket does not provide for separate appearances on behalf of the FDIC-Receiver and FDIC-Corporation, and the Court's ECF system does not provide for them to make separate filings. The FDIC-Receiver and FDIC-Corporate therefore respectfully request that the caption in this adversary proceeding be amended to reflect the dual capacities in which they have been named as defendants and that the docket and ECF system for this adversary proceeding be amended to reflect this change.

Courts recognize that the FDIC acts in two legally distinct capacities when it acts (1) as insurer and/or regulator of depository institutions generally and (2) as the appointed receiver of specific failed depository institutions. "Because FDIC Corporate and FDIC Receiver perform two different functions and protect wholly different interests, courts have been careful to keep the rights and liabilities of these two entities legally separate." R.T.C. v. Nernberg, 3 F.3d 62, 66 (3d Cir. 1993); F.D.I.C. v. White, 828 F. Supp. 304, 306 (D.N.J. 1993); In re Sunrise Sec. Litig., 818 F. Supp. 830, 836 (E.D. Pa. 1993).

In count eight of the Complaint, Plaintiff JPMorgan Chase Bank, N.A. ("JPMC") asserts an interpleader claim that names the FDIC as an additional defendant with respect to "any remaining funds that constitute deposit liabilities pursuant to Bankruptcy Code 7022, less any

attorneys' fees and costs, so that all claims to the amounts can be adjudged and the fund can be properly disbursed." Compl., ¶¶ 210, et seq. The Complaint is unclear, however, as to whether JPMC intended to name the FDIC in both its corporate capacity and its capacity as receiver, but counsel for JPMC since has confirmed that JPMC intended to name both FDIC-Receiver and FDIC-Corporate as defendants for the interpleader claim. In that regard, JPMC's Complaint refers to rights arising under section 9.5 of the P&A Agreement, which in turn makes clear that such rights are held by both FDIC-Corporate and FDIC-Receiver. See Compl., ¶ 122; P&A Agreement, § 9.5 ("At any time the <u>Receiver or the Corporation</u> may, in its discretion, . . .") (emphasis added).

In this adversary proceeding, FDIC-Receiver and FDIC-Corporate will be represented by separate counsel, and it is anticipated that the FDIC in its separate capacities will make their own submissions to the Court. See <u>Bullion Servs. Inc.</u>, 50 F.3d 705, 709 (9th Cir. 1995) (noting that the FDIC-Corporate and FDIC-Receiver may "pursue different legal strategies to effectuate their respective statutory goals") (citing <u>FDIC v. Condit</u>, 861 F.2d 853, 855-58 (5th Cir. 1988)). At present, however, the docket in this action lists the FDIC as a single party and does not recognize the separate capacities in which FDIC-Receiver and FDIC-Corporate have been sued and will defend themselves. Similarly, the Court's ECF system does not provide for separate filings by FDIC-Receiver and FDIC-Corporate, and the docket in this adversary proceeding does not provide for separate appearances on their behalf.

3

JPMC consents to the relief requested herein. Defendants Washington Mutual, Inc. and WMI Investment Corp. (together, the "Debtors") have been provided notice of the requested relief, but have not stated a position with respect to the requested relief.

WHEREFORE, the FDIC-Receiver and FDIC-Corporate respectfully request the Court enter the proposed order attached hereto as Exhibit A at its earliest convenience without further notice or hearing.

Date: Wilmington, Delaware
June 2, 2009

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
Jaime N. Luton (No. 4936)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

- and -

Thomas R. Califano
John J. Clarke, Jr
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for Defendant FDIC-Receiver

FEDERAL DEPOSIT INSURANCE
CORPORATION

/s/ D. Ashley Doherty
Dorothy Ashley Doherty
3503 N. Fairfax Drive
VS-D7022
Arlington, Virginia 22226-3500
Telephone: (703) 562-2377
Facsimile: (703) 562-2477

Attorneys for Defendant FDIC-Corporate