IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | : Chapter 11 |
| WASHINGTON MUTUAL, INC., et al.,[1] | : Case No. 08-12229 (MFW) |
| Debtors. | : Jointly Administered |
| JPMORGAN CHASE BANK, N.A., | : |
| Plaintiff, | : Adv. Proc. No. 09-50551 (MFW) |
| v. | : |
| WASHINGTON MUTUAL, INC. and WMI INVESTMENT CORP., | : |
| Defendants, | : |
| - and - | : |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | : |
| Additional Defendant. | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS INTERPLEADER CLAIM ASSERTED AGAINST FEDERAL DEPOSIT INSURANCE CORPORATION AS <u>RECEIVER AND IN ITS CORPORATE CAPACITY</u>

Defendants the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "<u>FDIC Receiver</u>"), and the Federal Deposit Insurance Corporation in its corporate capacity ("<u>FDIC-Corporate</u>") respectfully submit this memorandum of law in support of their motion to dismiss the interpleader claim asserted against them in this adversary

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

proceeding pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as incorporated by Bankruptcy Rule 7012(b), for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.[2]

On June 1, 2009, the FDIC-Receiver filed a motion to stay this adversary proceeding and (subject to a pending motion to intervene) a parallel adversary proceeding, *Washington Mutual, Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Proc. No. 09-50934, until judgment has been entered in the Debtors' first-filed district court action against the FDIC-Receiver, *Washington Mutual, Inc. v. F.D.I.C.*, No. 1:09-cv-0533 (D.D.C.), which is pending in the U.S. District Court for the District of Columbia. The FDIC-Receiver and FDIC-Corporate have filed this motion to dismiss in the alternative, in the event that this Court determines that this adversary proceeding should not be stayed.

## SUMMARY OF ALLEGATIONS[3]

Prior to the petition date, Washington Mutual, Inc. ("WMI") was a savings and loan holding company that owned Washington Mutual Bank ("WMB") and WMB's subsidiaries. On

---

[2] The Federal Deposit Insurance Corporation (the "FDIC") acts in two legally distinct capacities when it acts (1) as insurer and/or regulator of depository institutions generally and (2) as the appointed receiver of specific failed depository institutions. *See, e.g., Washington Bancorp. v. F.D.I.C. (In re Washington Bancorp.)*, C.A. No. 95-1340, 1996 WL 148533, at *11-12 (D.D.C. Mar. 19, 1996).

[3] The well-pleaded factual allegations of the Complaint are assumed to be true solely for purposes of this motion to dismiss. However, the Court need not accept inferences that are unsupported by the facts set forth in the complaint or "legal conclusion[s] couched as . . . factual allegation[s]." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *see also Trudeau v. F.T.C.*, 456 F.3d 178, 193 (D.C. Cir. 2006). A Rule 12(b)(6) motion should be granted and claims should be dismissed if the plaintiff does not provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss under Rule 12(b)(1), the Court may consider "the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records . . . and 'undisputably authentic' documents . . . ." *Knight v. United States*, No. 3:08-CV-1976, 2009 WL 1408524, at *1 (M.D. Pa. May 19, 2009); *see also Benoit v. U.S. Dep't of Agric.*, 577 F. Supp. 2d 12, 15 (D.D.C. 2008) (citation omitted). Plaintiff bears the burden to establish subject matter jurisdiction, the failure of which is fatal to its claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

September 25, 2008, the Director of the Office of Thrift Supervision closed WMB and appointed the FDIC-Receiver as receiver. Thereafter, the FDIC-Receiver sold substantially all of the assets of WMB to JPMorgan Chase, N.A. ("JPMC"), under a Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "P&A Agreement").

The FDIC-Receiver established December 30, 2008 as the bar date for filing claims against the WMB receivership. On that date, WMI and certain of its subsidiaries filed a proof of claim with the FDIC-Receiver. Compl., ¶ 178.[4] By letter dated January 23, 2009, the FDIC-Receiver timely disallowed those claims for a variety of reasons. *Id.* On March 20, 2009, the Debtors, WMI and its subsidiary WMI Investment Corp., filed their complaint against the FDIC-Receiver (and against FDIC-Corporate) in the U.S. District Court for the District of Columbia for judicial review of WMI's receivership claims and asserting a variety of other claims. *Id.*; *see Washington Mutual, Inc. v. F.D.I.C.*, No. 1:09-cv-0533 (RMC) (D.D.C.). On March 30, 2009, JPMC filed a motion to intervene in the district court action. The FDIC-Receiver consented to JPMC's intervention; the Debtors opposed the motion, which has not yet been decided by the district court.[5]

On March 24, 2009, four days after the Debtors filed their district court action, JPMC commenced this adversary proceeding. In its complaint, JPMC seeks declaratory relief and asserts other claims with respect to many of the same assets and liabilities that are the subject of the Debtors' claims against the FDIC-Receiver in their district court complaint. Many of the Counts of JPMC's Complaint not only acknowledge the pendency of the Debtors' district court

---

[4] Citations to "Compl." refer to the complaint filed by JPMC in this adversary proceeding.

[5] On June 11, 2009, the FDIC-Receiver moved to dismiss many of the claims asserted against it by the Debtors in that action and filed an answer and counterclaims. On June 15, 2009, FDIC-Corporate moved to dismiss the complaint in its entirety as to it.

action but affirmatively request declaratory relief directing the disputes at issue to be adjudicated by the district court. *See* Compl., ¶¶ 183 (trust preferred securities), 195 (tax refunds), 204 (deposit balance), 237 (life insurance policies).

Only one Count of the Complaint is asserted against the FDIC-Receiver or FDIC-Corporate: Count Eight, for interpleader under Bankruptcy Rule 7022 with respect to allegedly competing claims to certain deposit liabilities. *Id.*, ¶¶ 210-12.

## ARGUMENT

### IF THIS ACTION IS NOT STAYED IN FAVOR OF LITIGATION IN DISTRICT COURT, THE INTERPLEADER CLAIM SHOULD BE DISMISSED

In the event that this adversary proceeding is not stayed in favor of proceedings in the district court, then Count Eight of the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as incorporated by Bankruptcy Rule 7012, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The Federal Deposit Insurance Act as amended, *inter alia*, by the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"), provides that "no court shall have jurisdiction over . . . any claim or action for payment from, or any action seeking a determination of rights with respect to the assets of" any failed financial institution or over "any claim relating to any act or omission of such institution or the Corporation as receiver." 12 U.S.C. §§ 1821(d)(13)(D)(i), (ii).[6]

---

[6] 12 U.S.C. § 1821(d)(13)(D) provides:

(D) Limitation on judicial review

Except as otherwise provided in this subsection, no court shall have jurisdiction over –

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

This jurisdictional bar "prohibits any court from asserting subject matter jurisdiction over any assets, disputed or not, in which the [FDIC], as conservator or receiver of a failed depository institution claims an ownership interest unless and until the claims procedure has been exhausted." *Amsave Credit Corp. v. R.T.C. (In re American Mortgage & Inv. Servs., Inc.)*, 141 Bankr. 578, 587 (Bankr. D.N.J. 1992); see *Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 383 (3d Cir. 1994); *Rosa v. R.T.C.*, 938 F.2d 383, 393-94 (3d Cir. 1993). Only after the FDIC as receiver has disallowed a timely claim against the receivership may a claimant commence litigation relating to receivership assets, and even then the courts in which such an action may be brought are limited to the district courts for the District of Columbia or for the district in which the failed institution had its principal place of business (in this case, the Western District of Washington). *See* 12 U.S.C. § 1821(d)(6)(A).

JPMC's interpleader claim violates the jurisdictional bar. JPMC alleges that "[p]ursuant to the terms of the P&A [Agreement], JP Morgan Chase, WMI, and the FDIC have asserted, or may assert, competing claims to any funds that constitute deposit liabilities and JPMorgan Chase may be exposed to double liability if it were to pay these claims to the wrong party." Compl., ¶ 211. JPMC therefore "seeks to interplead any remaining funds that constitute deposit liabilities . . . so that all claims to the amounts can be adjudged and the funds can be properly disbursed." *Id.*, ¶ 212.

Without question, this Count of the Complaint seeks "a determination of rights with respect to the assets of" WMB, and therefore is subject to the jurisdictional bar of section 1821(d)(13)(D)(i). Indeed, elsewhere in the Complaint, JPMC itself acknowledges that the

---

        (ii)    any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

district court for the District of Columbia is the proper forum for the adjudication of any competing claims to the deposit funds. Compl., ¶ 204 (requesting declaratory judgment that "Debtors must proceed with any claim to assert ownership of or interest in the $3.7 Billion Book Entry Transfer through the District Court Action they elected to commence"). And in the district court complaint, the Debtors expressly assert claims against the FDIC-Receiver (and FDIC-Corporate) with respect to the same dispute. *See* Complaint, *Washington Mutual, Inc. v. F.D.I.C.*, ¶¶ 49, 50.[7]

Even if this adversary proceeding did not directly seek a determination of rights with respect to assets of WMB, as it plainly does, it would still implicate the jurisdictional bar of section 1821(d)(13)(D)(ii), which deprives courts of jurisdiction over any "claim relating to any act or omission of such institution or the [FDIC] as receiver." 12 U.S.C. 1821(d)(13)(D)(ii). The interpleader claim "relat[es] to [an] act or omission" of the FDIC-Receiver, namely, the rights and obligations of the parties under the P&A Agreement.[8] S*ee Village of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 386 (6th Cir. 2008); *Home Capital Collateral v. F.D.I.C.*, 96 F.3d 760, 763 (5th Cir. 1996) (action against R.T.C. for alleged breach of post-receivership contract was barred by section 1821(d)(13)(D)(ii)); *Washington Bancorp. v. F.D.I.C. (In re Washington Bancorp.)*, C.A. No. 95-1340, 1996 WL 148533, at *5 (D.D.C. Mar. 19, 1996) (declaratory judgment action brought by counterparty to settlement agreement with FDIC as

---

[7] While the statute allows such a claim to be asserted against the FDIC-Receiver (subject to satisfaction of other statutory requirements, *see* 12 U.S.C. § 1821(d)(6)(A)), the statute does not permit any such claim against FDIC-Corporate, *see* 12 U.S.C. § 1821(d)(13)(D) (except pursuant to administrative claims process for claims against FDIC as receiver, no court shall have jurisdiction "over any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver").

[8] The Complaint attaches a copy of the P&A Agreement as an exhibit. *See* Compl., ¶ 1, Exh. A.

Thomas R. Califano
John J. Clarke, Jr
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for the FDIC-Receiver

FEDERAL DEPOSIT INSURANCE
CORPORATION


/s/ D. Ashley Doherty
Dorothy Ashley Doherty
3503 N. Fairfax Drive
VS-D7022
Arlington, Virginia 22226-3500
Telephone: (703) 562-2377
Facsimile: (703) 562-2477

Attorneys for FDIC-Corporate

receiver that had been approved by the Bankruptcy Court was barred under § 1821(d)(13)(D)(ii)).

For all of these reasons, the interpleader claim runs afoul of the jurisdictional bar of section 1821(d)(13)(D) and, in the event that the Court determines not to stay proceedings pending entry of judgment in the Debtors' district court action, Count Eight of the adversary complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the FDIC-Receiver respectfully requests that the Court grant its motion to stay, or in the alternative, dismiss Count Eight of the Complaint in this adversary proceeding and grant the FDIC-Receiver such other relief as it may deem just and proper.

Date: Wilmington, Delaware
June 15, 2009

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_/s/ _____
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
Jaime N. Luton (No. 4936)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

- and -