IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> WASHINGTON MUTUAL, INC., et al. <br><br> Debtors[1] | Chapter 11 <br><br> Case No. 08-12229 (MFW) <br><br> Jointly Administered |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION <br><br> Plaintiff <br><br> - against - <br><br> WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP. <br><br> Defendants for all claims, <br><br> - and - <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, <br><br> Additional Defendant for Interpleader claim | Adv. Pro. No. 09-50551 (MFW) |

---

[1] The Debtors in these Chapter 11 cases and the last four digits each Debtor's federal tax identification numbers are : (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors continue to share the principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

# CERTIFICATION OF COUNSEL FOR DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, CONCERNING STATEMENTS ON RECORD AT THE JUNE 24, 2009 HEARING

1. At a hearing on June 24, 2009 (the "Hearing"), this Court heard argument, inter alia, with respect to the Motion of the Federal Deposit Insurance Corporation, as Receiver (the "FDIC-Receiver"), to Stay Adversary Proceeding in the above-captioned adversary proceeding and the Motion of Intervener-Defendant Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, to Stay or Dismiss the Adversary Complaint in the Adversary Proceeding No. 09-50934 (the "Motions").

2. Following the Court's ruling on the record with respect to the Motions, while reserving the FDIC-Receiver's position that the Order with respect to that ruling is appealable as of right, counsel for the FDIC-Receiver requested the Court to enter a finding pursuant to 28 U.S.C. § 1292(b) as to the Court's ruling. Counsel for the FDIC-Receiver and counsel for the Debtors then discussed a briefing schedule for a written motion requesting such a finding by the Court under which moving and opposition briefs for that motion would be filed on July 1, 2009 and July 8, 2009 respectively.

3. After the hearing, counsel for the FDIC-Receiver determined that the finding contemplated under 28 U.S.C. § 1292(b) is not required for appeals from the Bankruptcy Court, which are governed by 28 U.S.C. § 158. Section 1292(b) provides in pertinent part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.

28 U.S.C. § 1292(b).

4. Because the finding contemplated in 28 U.S.C. § 1292(b) is not required, the FDIC-Receiver does not intend to file the motion requesting the Court to make that finding, which was discussed on the record at the Hearing. The FDIC-Receiver will proceed in accordance with 28 U.S.C. § 158 and the applicable Bankruptcy Rules, including the time periods provided therein, with respect to any appeal.

Dated: Wilmington, Delaware
June 29, 2009

              YOUNG CONAWAY STARGATT
              & TAYLOR, LLP

              /s/ Jaime N. Luton
              M. Blake Cleary (No. 3614)
              Jaime N. Luton (No. 4936)
              The Brandywine Building
              1000 West Street, 17th Floor
              Wilmington, Delaware 19801
              Telephone: (302) 571-6714
              Facsimile: (302) 576-3287

              - and –

              DLA PIPER LLP(US)
              Thomas R. Califano
              John J. Clarke, Jr.
              1251 Avenue of the Americas
              New York, New York 10020-1104
              Telephone: (212) 335-4500
              Facsimile: (212) 335-4501

              Attorneys for Defendant FDIC-Receiver