# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| WASHINGTON MUTUAL, INC., et al.,[1] | : | Case No. 08-12229 (MFW) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |
| JPMORGAN CHASE BANK, N.A., | : | |
| | : | |
| Plaintiff, | : | Adv. Proc. No. 09-50551 (MFW) |
| | : | |
| v. | : | |
| | : | |
| WASHINGTON MUTUAL, INC. and | : | |
| WMI INVESTMENT CORP., | : | |
| | : | |
| Defendants, | : | |
| - and - | : | |
| | : | |
| FEDERAL DEPOSIT INSURANCE | : | |
| CORPORATION, | : | |
| | : | |
| Additional Defendant. | : | |

## ANSWER OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK

Defendant the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), submits its Answer with respect to plaintiff's adversary complaint in this action (the "Complaint"). The FDIC-Receiver's allegations are based upon knowledge as to itself and its own actions and upon information and belief as to all others.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

## ANSWER

Unless otherwise expressly admitted, the FDIC-Receiver denies each and every allegation in the Complaint, including without limitation any allegations contained in its prayer, headings and subheadings. In accordance with Federal Rule of Civil Procedure 8(b)(5), as incorporated by Bankruptcy Rule 7008, to the extent the FDIC-Receiver denies knowledge or information sufficient to form a belief as to the truth of an allegation, that allegation is deemed to be denied. Further, in accordance with Federal Rule of Civil Procedure 8(b)(6), as incorporated by Bankruptcy Rule 7008, if a responsive pleading is not required to an allegation it shall be deemed to be denied. This answer is based upon the FDIC-Receiver's investigation to date, and the FDIC-Receiver expressly reserves the right to amend this answer to the full extent provided for under applicable law. The FDIC-Receiver files this Answer protectively to avoid any assertion of waiver or default and expressly reserves all of its rights and defenses, including without limitation that this Court is without subject matter jurisdiction under 12 U.S.C. § 1821(d)(13)(D) or otherwise over the disputes raised by plaintiff and defendants in this adversary proceeding and in a related adversary proceeding styled *Washington Mutual, Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Proc. No. 09-50934 (MFW).

1.      No response is required from the FDIC-Receiver to paragraph 1 of the Complaint, except the FDIC-Receiver refers for its contents to the Purchase and Assumption Agreement, Whole Bank, among the FDIC-Receiver, the Federal Deposit Insurance Corporation in its corporate capacity ("FDIC-Corporate") and JPMorgan Chase Bank, N.A. ("JPMC") dated as of September 25, 2008 (the "P&A Agreement").

2.      Refers for its contents to the P&A Agreement, admits that the assets acquired by JPMC under the P&A Agreement include assets that have been claimed by the debtors

Washington Mutual, Inc. ("WMI") and its subsidiary WMI Investment Corp (the "Debtors") in this action or otherwise and denies that WMI's claims to such assets are proper or justified.

3.    Admit that on December 30, 2008, WMI submitted a proof of claim to the FDIC-Receiver (the "WMI Receivership Proof of Claim"), that the FDIC-Receiver disallowed the claims asserted therein by letter dated January 23, 2009 and that the Debtors thereafter filed a complaint (the "WMI Complaint") against the FDIC in the United States District Court for the District of Columbia styled *Washington Mutual, Inc. v. F.D.I.C.*, No. 1:09-cv-0533 (RMC) (D.D.C.). The FDIC-Receiver refers to the WMI Receivership Proof of Claim, the WMI Complaint and the P&A Agreement for their contents. No further response is required from the FDIC-Receiver to paragraph 3 of the Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, except admits that certain assets that have been claimed by the Debtors in their schedules and other filings in these bankruptcy cases and in the WMI Receivership Proof of Claim and/or the WMI Complaint are not property of the Debtors' estates and that certain of those assets were acquired by JPMC pursuant to the P&A Agreement.

5.    No response is required from the FDIC-Receiver to paragraph 5 of the Complaint.

6.    Refers to the WMI Receivership Proof of Claim, the WMI Complaint and the P&A Agreement for their contents. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 6 of the Complaint.

7.    No response is required from the FDIC-Receiver to paragraph 7 of the Complaint.

8.    No response is required from the FDIC-Receiver to paragraph 8 of the Complaint.

9.    Admits paragraph 9 of the Complaint.

10.    Admits paragraph 10 of the Complaint.

11.     Admits paragraph 11 of the Complaint.

12.     Denies the first sentence of paragraph 12 of the Complaint and avers that is an independent agency of the United States government with its headquarters located in the District of Columbia. The FDIC acts in two legally distinct capacities when it acts (1) as insurer or regulator of depository institutions generally and (2) as the appointed receiver of specific failed depository institutions. *See Washington Bancorp. v. F.D.I.C. (In re Washington Bancorp.)*, C.A. No. 95-1340, 1996 WL 148533, at *11-12 (D.D.C. Mar. 19, 1996). This Answer is filed solely by the FDIC-Receiver.

13.     Admits that until September 25, 2008, WMI was a savings and loan holding company that owned WMI Investment Corp. and directly or indirectly owned all of the capital stock of Washington Mutual Bank ("WMB") which in turn owned subsidiaries including Washington Mutual Bank fsb ("WMBfsb"). Any remaining allegations in paragraph 13 of the Complaint are denied.

14.     Admits paragraph 14 of the Complaint.

15.     Admits that in order number 2008-36 dated September 25, 2008 (the "OTS Order"), the Director of the Office of Thrift Supervision closed WMB and appointed the FDIC-Receiver as WMB's receiver and that the effects of that appointment are governed by 12 U.S.C. § 1821 and other provisions of applicable law.

16.     Admits that on September 25, 2008, the FDIC-Receiver and the Federal Deposit Insurance Corporation, in its corporate capacity, entered into the P&A Agreement with JPMC, and refers to the P&A Agreement for its contents.

17.     Admits paragraph 17 of the Complaint.

18.     Admits paragraph 18 of the Complaint.

19.     Admits paragraph 19 of the Complaint.

20.     Admits paragraph 20 of the Complaint.

21.     Admits paragraph 21 of the Complaint.

22.     Admits paragraph 22 of the Complaint.

23.     No response is required from the FDIC-Receiver to paragraph 23 of the Complaint, but to the extent any response is required the FDIC-Receiver denies paragraph 23 and states that this Court lacks subject matter jurisdiction over this adversary proceeding under 12 U.S.C. § 1821(d)(13)(D).

24.     No response is required from the FDIC-Receiver to paragraph 24 of the Complaint, but to the extent any response is required the FDIC-Receiver denies paragraph 24 and states that venue is not proper in this Court under 12 U.S.C. § 1821(d)(6)(A).

25.     Admits the first sentence of paragraph 25 of the Complaint except refers for its contents to the OTS Order. With respect to the second sentence of paragraph 25, admits that in accordance with applicable law the FDIC ran an accelerated process for a purchase and assumption transaction with respect to the assets and liabilities of WMB, refers to the P&A Agreement for its contents and denies any remaining allegations.

26.     Upon information and belief admits the allegations of paragraph 26 of the Complaint.

27.     Upon information and belief admits the allegations of paragraph 27 of the Complaint.

28.     Admits the allegations of paragraph 28 of the Complaint.

29.     Admits paragraph 29 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of that paragraph.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the last sentence of paragraph 30 of the Complaint.

31.     Admits paragraph 31 of the Complaint except refers to the P&A Agreement for its contents.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 32 of the Complaint.  Admits the second sentence of paragraph 32 of the Complaint.

33.     Admits paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39.     Upon information and belief, admits the allegations of paragraph 39 of the Complaint.

40.     No response is required from the FDIC-Receiver to paragraph 40 of the Complaint.

41.     Admits that in 2006 and 2007, special purpose entities that were subsidiaries of Washington Mutual Preferred Funding LLC ("WMPF"), a subsidiary of WMB, issued certain series of "trust" securities. WMI has asserted that these series of trust preferred securities have a liquidation preference of approximately $4 billion. The trust securities include the following series:

       a.      Washington Mutual Preferred (Cayman) I Ltd. 7.25% Perpetual Noncumulative Preferred Securities, Series A-1;

       b.      Washington Mutual Preferred (Cayman) I Ltd. 7.25% Perpetual Noncumulative Preferred Securities, Series A-2;

       c.      Washington Mutual Preferred Funding Trust (Delaware) Fixed-to-Floating Rated Perpetual Noncumulative Trust Securities;

       d.      Washington Mutual Preferred Funding Trust II (Delaware) Fixed-to-Floating Rated Perpetual Noncumulative Trust Securities;

       e.      Washington Mutual Preferred Funding Trust III (Delaware) Fixed-to-Floating Rated Perpetual Noncumulative Trust Securities;

       f.      Washington Mutual Preferred Funding Trust IV (Delaware) Fixed-to-Floating Rated Perpetual Noncumulative Trust Securities.

The FDIC-Receiver refers to the offering documents and related agreements for the terms of the trust preferred securities, which included a "conditional exchange" feature. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 41 of the Complaint.

42.     Refers to the P&A Agreement for its contents and denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 42 of the Complaint.

43.     Admits paragraph 43 of the Complaint, except states that certain series of preferred securities that were issued by WMPF in connection with the issuance of the trust securities were authorized by the OTS to be treated as core capital of WMB.

44. For its response to paragraph 44 of the Complaint, refers for its contents to the January 30, 2006 Notice for Establishment of Operating Subsidiary.

45. For its response to paragraph 45 of the Complaint, refers for its contents to the February 23, 2006 commitment letter from WMI to the OTS.

46. Admits paragraph 46 of the Complaint.

47. Admits paragraph 47 of the Complaint.

48. Admits paragraph 48 of the Complaint.

49. Admits paragraph 49 of the Complaint.

50. Admits that on September 25, 2008 WMI and WMB entered into an Assignment Agreement and refers to that agreement for its contents.

51. For its response to paragraph 51 of the Complaint. refers to the P&A Agreement for its contents and denies knowledge or information sufficient to form a belief as to the other allegations in the last sentence of that paragraph.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint.

53. Admits the first sentence of paragraph 53 of the Complaint and refers to 11 U.S.C. § 541 for its terms.

54. Refers to the P&A Agreement for its contents, admits that on December 30, 2008 WMI submitted the WMI Receivership Proof of Claim and refers to that proof of claim for its contents, admits that in a letter dated January 23, 2009 the FDIC-Receiver disallowed WMI's receivership claims and admits that on March 20, 2009 WMI and WMI Investment Corp. commenced an action against the FDIC-Receiver and refers to the WMI Complaint for its

contents. The fourth sentence of paragraph 54 asserts a legal conclusion as to which no response is required from the FDIC-Receiver.

55.     No response is required from the FDIC-Receiver to paragraph 55 of the Complaint.

56.     No response is required from the FDIC-Receiver to paragraph 56 of the Complaint.

57.     For its response to paragraph 57 of the Complaint refers to the P&A Agreement for its contents.

58.     Upon information and belief admits paragraph 58 of the Complaint.

59.     Admits paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

62.     Admits paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint.

65.     Admits that the Debtors have asserted the mistaken position set forth in the first sentence of paragraph 65 of the Complaint. No response is required from the FDIC-Receiver as to the second sentence of that paragraph.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint.

67.     Admits paragraph 67 of the Complaint.

68.     No response is required from the FDIC-Receiver as to paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint.

72.     No response is required from the FDIC-Receiver to paragraph 72 of the Complaint.

73.     Admits paragraph 73 of the Complaint.

74.     Admits paragraph 74 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of that paragraph.

75.     Admits paragraph 75 of the Complaint.

76.     Admits paragraph 76 of the Complaint.

77.     Admits paragraph 77 of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint.

79.     Admits paragraph 79 of the Complaint.

80.     Admits paragraph 80 of the Complaint.

81.     Admits paragraph 81 of the Complaint.

82.     Admits paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint.

84.     Admits that the Debtors have taken the mistaken position set forth in paragraph 84 of the Complaint.

85.     Refers to the P&A Agreement for its contents, admits that on December 30, 2008 WMI submitted the WMI Receivership Proof of Claim and refers to that proof of claim for its contents, admits that in a letter dated January 23, 2009 the FDIC-Receiver disallowed WMI's receivership claims and admits that on March 20, 2009 WMI and WMI Investment Corp. commenced an action against the FDIC-Receiver and refers to the WMI Complaint for its contents. The fourth sentence of paragraph 85 asserts a legal conclusion as to which no response is required from the FDIC-Receiver.

86.     No response is required from the FDIC-Receiver to paragraph 86 of the Complaint.

87.     Upon information and belief admits paragraph 87 of the Complaint.

88.     Upon information and belief admits paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 90 of the Complaint. As to the second sentence of that paragraph, refers to the P&A Agreement for its contents. No response is required from the FDIC-Receiver as to the final sentence of that paragraph.

91.     Admits that WMI and various other entities entered into a tax sharing agreement dated as of August 31, 1999 (the "Tax Sharing Agreement") and refers to that agreement for its contents.

92.     Admits paragraph 92 of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Complaint.

94.     Refers to the P&A Agreement for its contents, admits that on December 30, 2008 WMI submitted the WMI Receivership Proof of Claim and refers to that proof of claim for its contents, admits that in a letter dated January 23, 2009 the FDIC-Receiver disallowed WMI's receivership claims and admits that on March 20, 2009 WMI and WMI Investment Corp. commenced an action against the FDIC-Receiver and refers to the WMI Complaint for its contents.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Complaint except admits that on or about October 15, 2008 JPMC and the Debtors entered into a proposed stipulation relating to certain alleged deposit accounts that was filed with the Bankruptcy Court but later withdrawn.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 99 of the Complaint.  No response is required from the FDIC-Receiver as to the second sentence of that paragraph.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Complaint.

101.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Complaint.

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Complaint.

103.     Paragraph 103 of the Complaint states legal conclusions as to which no response is required from the FDIC-Receiver except the FDIC-Receiver refers to the P&A Agreement for its contents.

104.     Paragraph 104 of the Complaint states legal conclusions as to which no response is required from the FDIC-Receiver.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 of the Complaint.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Complaint.

107.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Complaint.

108.     Paragraph 108 of the Complaint states legal conclusions as to which no response is required from the FDIC-Receiver but to the extent any response is required denies knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph.

109.     Paragraph 109 of the Complaint states legal conclusions as to which no response is required from the FDIC-Receiver.

110.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 of the Complaint.

111.     Paragraph 111 of the Complaint states legal conclusions as to which no response is required from the FDIC-Receiver.

112.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112 of the Complaint.

113.     Upon information and belief admits the allegations of paragraph 113 of the Complaint.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114 of the Complaint.

115.     No response is required from the FDIC-Receiver to paragraph 115 of the Complaint.

116.     Upon information and belief, admits the first sentence of paragraph 116 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of that paragraph. Admits the third sentence of that paragraph. The remainder of paragraph 116 does not require a response from the FDIC-Receiver.

117.     Upon information and belief admits paragraph 117 of the Complaint.

118.     Paragraph 118 of the Complaint states legal conclusions as to which no response is required from the FDIC-Receiver.

119.     Upon information and belief admits paragraph 119 of the Complaint.

120.     Upon information and belief admits paragraph 120 of the Complaint.

121.     Upon information and belief admits paragraph 121 of the Complaint.

122.     For its response to paragraph 122 of the Complaint, refers to the P&A Agreement for its contents.

123.     Admits the first two sentences of paragraph 123 of the Complaint. No response is required from the FDIC-Receiver as to the remainder of paragraph 123 of the Complaint, but to the extent any response is required, the FDIC-Receiver reserves all of its rights and defenses.

124.     For its response to paragraph 124 of the Complaint, refers for its contents to the WMI Complaint.

125.     Paragraph 125 states a legal conclusion as to which no response is required from the FDIC-Receiver.

126.     Upon information and belief admits the allegations of paragraph 126 of the Complaint.

127.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127 of the Complaint.

128.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint.

129.     Admits paragraph 129 of the Complaint except the last sentence thereof as to which no response is required from the FDIC-Receiver.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 of the Complaint.

131.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131 of the Complaint.

132.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 132 of the Complaint.

133.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 of the Complaint.

134.     Refers to the P&A Agreement for its contents.  Admits the second sentence of paragraph 134 of the Complaint.  Denies knowledge or information sufficient to form a belief as to the remainder of that paragraph.

135.     No response is required from the FDIC-Receiver as to the allegations of paragraph 135 of the Complaint.

136.     Upon information and belief, admits paragraph 136 of the Complaint.

137.     Upon information and belief, admits paragraph 137 of the Complaint.

138.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 of the Complaint.

139.     Upon information and belief admits the allegations of the first two sentences of paragraph 139 of the Complaint.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the last two sentences of that paragraph.

140.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140 of the Complaint except admits the allegations of the first sentence of that paragraph.

141.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 141 of the Complaint.

142.     Upon information and belief admits paragraph 142 of the Complaint except denies knowledge or information sufficient to form a belief as to the last sentence of that paragraph.

143.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143 of the Complaint.

144.     Upon information and belief admits paragraph 144 of the Complaint.

145.     No response is required from the FDIC-Receiver to paragraph 145 of the Complaint.

146.     No response is required from the FDIC-Receiver to paragraph 146 of the Complaint.

147.     No response is required from the FDIC-Receiver to paragraph 147 of the Complaint.

148.     Refers to the P&A Agreement for its contents, admits that on December 30, 2008 WMI submitted the WMI Receivership Proof of Claim and refers to that proof of claim for its contents, admits that in a letter dated January 23, 2009 the FDIC-Receiver disallowed WMI's receivership claims and admits that on March 20, 2009 WMI and WMI Investment Corp. commenced an action against the FDIC-Receiver and refers to the WMI Complaint for its contents.

149.     No response is required from the FDIC-Receiver to paragraph 149 of the Complaint.

150.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150 of the Complaint.

151.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151 of the Complaint.

152.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152 of the Complaint.

153.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153 of the Complaint.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154 of the Complaint.

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 of the Complaint.

156.    No response is required from the FDIC-Receiver to paragraph 156 of the Complaint.

157.    Refers to the P&A Agreement for its contents, admits that on December 30, 2008 WMI submitted the WMI Receivership Proof of Claim and refers to that proof of claim for its contents, admits that in a letter dated January 23, 2009 the FDIC-Receiver disallowed WMI's receivership claims and admits that on March 20, 2009 WMI and WMI Investment Corp. commenced an action against the FDIC-Receiver and refers to the WMI Complaint for its contents. The fourth sentence of paragraph 157 asserts a legal conclusion as to which no response is required from the FDIC-Receiver.

158.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 of the Complaint.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 of the Complaint.

160.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 of the Complaint.

161.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 of the Complaint.

162.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 of the Complaint.

163.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 163 of the Complaint.

164.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 164 of the Complaint.

165.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 of the Complaint.

166.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 of the Complaint.

167.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 of the Complaint.

168.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 168 of the Complaint.

169.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 169 of the Complaint.

170.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the Complaint.

171.     Refers to the P&A Agreement for its contents.  No response is required from the FDIC-Receiver as to the remaining allegations of paragraph 171 of the Complaint.

172.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 172 of the Complaint.

173.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 173 of the Complaint.

174.     Admits the first sentence of paragraph 174 of the Complaint.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph except admits that the Debtors and JPMC entered into a stipulation regarding certain vendor contracts and refers to that stipulation for its contents.

175.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 175 of the Complaint.

176.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176 of the Complaint.

177.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 177 of the Complaint.

178.     Refers to the P&A Agreement for its contents, admits that on December 30, 2008 WMI submitted the WMI Receivership Proof of Claim and refers to that proof of claim for its contents, admits that in a letter dated January 23, 2009 the FDIC-Receiver disallowed WMI's receivership claims and admits that on March 20, 2009 WMI and WMI Investment Corp. commenced an action against the FDIC-Receiver and refers to the WMI Complaint for its contents.  The fourth sentence of paragraph 178 asserts a legal conclusion as to which no response is required from the FDIC-Receiver.

179. No response is required from the FDIC-Receiver to paragraph 179 of the Complaint.

180. Repeats and realleges its responses to paragraphs 1 through 179 as if fully restated herein.

181. Admits that the parties have taken the respective positions set forth in paragraph 181 of the Complaint.

182. Paragraph 182 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

183. No response is required from the FDIC-Receiver to paragraph 183 of the Complaint.

184. Repeats and realleges its responses to paragraphs 1 through 183 as if fully restated herein.

185. Paragraph 185 of the Complaint states legal conclusions as to which no response is required from the FDIC-Receiver.

186. Paragraph 186 of the Complaint states legal conclusions as to which no response is required from the FDIC-Receiver.

187. No response is required from the FDIC-Receiver to paragraph 187 of the Complaint.

188. Repeats and realleges its responses to paragraphs 1 through 187 as if fully restated herein.

189. Admits paragraph 189 of the Complaint.

190. No response is required from the FDIC-Receiver to paragraph 190 of the Complaint.

191. Repeats and realleges its responses to paragraphs 1 through 190 as if fully restated herein.

192. For its response to paragraph 192 of the Complaint, refers to and incorporates its responses to the paragraphs referred to in the allegations of paragraph 192.

193. For its response to paragraph 193 of the Complaint, refers to and incorporates its responses to the paragraphs referred to in the allegations of paragraph 193.

194. Paragraph 194 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

195. No response is required from the FDIC-Receiver to paragraph 195 of the Complaint.

196. Repeats and realleges its responses to paragraphs 1 through 195 as if fully restated herein.

197. Admits paragraph 197 of the Complaint.

198. Admits paragraph 198 of the Complaint.

199. No response is required from the FDIC-Receiver to paragraph 199 of the Complaint.

200. No response is required from the FDIC-Receiver to paragraph 200 of the Complaint.

201. Repeats and realleges its responses to paragraphs 1 through 200 as if fully restated herein.

202. Admits that the parties have taken the respective positions set forth in paragraph 202 of the Complaint.

203.     Paragraph 203 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

204.     No response is required from the FDIC-Receiver to paragraph 204 of the Complaint.

205.     Repeats and realleges its responses to paragraphs 1 through 204 as if fully restated herein.

206.     Paragraph 206 of the Complaint states legal conclusions as to which no response is required from the FDIC-Receiver except upon information and belief the FDIC-Receiver admits that the Debtors dispute JPMC's assertion of the enumerated rights.

207.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 207 of the Complaint.

208.     Paragraph 208 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

209.     No response is required from the FDIC-Receiver to paragraph 209 of the Complaint.

210.     Repeats and realleges its responses to paragraphs 1 through 209 as if fully restated herein.

211.     Refers for its contents to the P&A Agreement.  No further response is required from the FDIC-Receiver to paragraph 211 of the Complaint.

212.     No response is required from the FDIC-Receiver to paragraph 212 of the Complaint except the FDIC-Receiver reserves all of its rights and defenses under the P&A Agreement or otherwise with respect to the interpleader claim.

213.    Repeats and realleges its responses to paragraphs 1 through 212 as if fully restated herein.

214.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 214 of the Complaint.

215.    Paragraph 215 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

216.    No response is required from the FDIC-Receiver to paragraph 216 of the Complaint.

217.    Repeats and realleges its responses to paragraphs 1 through 216 as if fully restated herein.

218.    Admits that the parties have taken the respective positions set forth in paragraph 218 of the Complaint.

219.    Paragraph 219 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

220.    No response is required from the FDIC-Receiver to paragraph 220 of the Complaint.

221.    Repeats and realleges its responses to paragraphs 1 through 220 as if fully restated herein.

222.    No response is required from the FDIC-Receiver to paragraph 222 of the Complaint.

223.    No response is required from the FDIC-Receiver to paragraph 223 of the Complaint.

224.     Repeats and realleges its responses to paragraphs 1 through 223 as if fully restated herein.

225.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 225 of the Complaint.

226.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 226 of the Complaint.

227.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 227 of the Complaint.

228.     Paragraph 228 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

229.     No response is required from the FDIC-Receiver to paragraph 229 of the Complaint.

230.     Repeats and realleges its responses to paragraphs 1 through 229 as if fully restated herein.

231.     No response is required from the FDIC-Receiver to paragraph 231 of the Complaint.

232.     No response is required from the FDIC-Receiver to paragraph 232 of the Complaint.

233.     No response is required from the FDIC-Receiver to paragraph 233 of the Complaint.

234.     Repeats and realleges its responses to paragraphs 1 through 233 as if fully restated herein.

235. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 235 of the Complaint.

236. Paragraph 236 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

237. No response is required from the FDIC-Receiver to paragraph 237 of the Complaint.

238. Repeats and realleges its responses to paragraphs 1 through 237 as if fully restated herein.

239. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 239 of the Complaint.

240. No response is required from the FDIC-Receiver to paragraph 240 of the Complaint.

241. Repeats and realleges its responses to paragraphs 1 through 240 as if fully restated herein.

242. Paragraph 242 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

243. No response is required from the FDIC-Receiver to paragraph 243 of the Complaint.

244. Repeats and realleges its responses to paragraphs 1 through 243 as if fully restated herein.

245. No response is required from the FDIC-Receiver to paragraph 245 of the Complaint.

246. No response is required from the FDIC-Receiver to paragraph 246 of the Complaint.

247. No response is required from the FDIC-Receiver to paragraph 247 of the Complaint.

248. Repeats and realleges its responses to paragraphs 1 through 247 as if fully restated herein.

249. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 249 of the Complaint.

250. Paragraph 250 of the Complaint states a legal conclusion as to which no response is required from the FDIC-Receiver.

251. No response is required from the FDIC-Receiver to paragraph 251 of the Complaint.

252. Repeats and realleges its responses to paragraphs 1 through 251 as if fully restated herein.

253. No response is required from the FDIC-Receiver to paragraph 253 of the Complaint.

254. No response is required from the FDIC-Receiver to paragraph 254 of the Complaint.

255. Repeats and realleges its responses to paragraphs 1 through 254 as if fully restated herein.

256. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 256 of the Complaint.

257.    No response is required from the FDIC-Receiver to paragraph 257 of the Complaint.

258.    Repeats and realleges its responses to paragraphs 1 through 257 as if fully restated herein.

259.    No response is required from the FDIC-Receiver to paragraph 259 of the Complaint.

260.    No response is required from the FDIC-Receiver as to any remaining allegations or claims in the Complaint, including in its Prayer for Relief, but to the extent any response is deemed to be required, the FDIC-Receiver denies any and all of such allegations.

## DEFENSES

The FDIC-Receiver states the following defenses without assuming the burden of proof as to any issue for which the burden is placed on another party. The FDIC-Receiver lacks knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses. The FDIC-Receiver reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or otherwise and reserves the right to amend its Answer to assert any such defense. The FDIC-Receiver incorporates into this Answer and asserts any defense asserted in this action by any other party to the extent such defense is applicable to the FDIC-Receiver.

### First Defense

This Court lacks subject matter jurisdiction over some or all of the claims and Counterclaims asserted in this action.

### Second Defense

The Complaint and/or the Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

### Third Defense

Plaintiff and/or counterclaim plaintiffs lack standing to assert some or all of their respective claims.

### Fourth Defense

The claims and Counterclaims asserted in this action are barred under 12 U.S.C. § 1821(j) to the extent they seek to restrain or affect the exercise of powers or functions of the FDIC-Receiver.

### Fifth Defense

To the extent not raised in a receivership proof of claim, plaintiff's claims and/or counterclaim plaintiffs' Counterclaims are barred under 12 U.S.C. § 1821(d).

### Sixth Defense

Plaintiff's claims and/or counterclaim plaintiffs' Counterclaims are barred, in applicable part, by 12 U.S.C. § 1821(d)(13)(D).

### Seventh Defense

The Counterclaims are barred, in applicable part, by 11 U.S.C. § 365(o).

### Eighth Defense

The Counterclaims are barred, in applicable part, by 12 U.S.C. § 1828(u).

### Ninth Defense

Any claim by WMI or WMI Investment Corp. with respect to the disputed deposit accounts is barred, in applicable part, under 12 U.S.C. § 1821(d)(17) and/or other applicable law governing fraudulent transfers.

### Tenth Defense

Plaintiff's claims and/or counterclaim plaintiffs' Counterclaims are barred, in applicable part, under 12 U.S.C. § 1823(e) or the statute of frauds.

### Eleventh Defense

The Counterclaims are barred, in whole or in part, by estoppel.

### Twelfth Defense

The Counterclaims are barred, in whole or in part, by waiver.

### Thirteenth Defense

The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Fourteenth Defense

The Counterclaims are barred, in whole or in part, by the doctrine of laches.

### Fifteenth Defense

The Counterclaims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### Sixteenth Defense

The Counterclaims are barred, in whole or in part, by WMI's participation in, approval of or ratification of the conduct upon which those claims are based.

### Seventeenth Defense

Counterclaim plaintiffs have suffered no legally cognizable damages.

## Eighteenth Defense

The acts or omissions of the FDIC-Receiver did not proximately cause any of plaintiff's or counterclaim plaintiffs' alleged damages or harm.

## Nineteenth Defense

The Counterclaims are barred, in whole or in part, by payment.

## Twentieth Defense

The Counterclaims are barred, in applicable part, under the Internal Revenue Code and the rules, regulations, rulings and opinions promulgated thereunder.

## Twenty-first Defense

The Counterclaims are barred, in part, by the applicable statute of limitations.

Dated: Wilmington, Delaware
July 24, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
Jaime N. Luton (No. 4936)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
         mbcleary@ycst.com
         jluton@ycst.com

- and -

Thomas R. Califano
John J. Clarke, Jr
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for the FDIC-Receiver