IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* <br><br> WASHINGTON MUTUAL, INC., et al.,[1] <br><br> Debtors. | : <br> : <br> : <br> : <br> : <br> : | Chapter 11 <br><br> Case No. 08-12229 (MFW) <br> (Jointly Administered) |
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON MUTUAL, INC., et al., <br><br> Defendants, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Adv. Proc. No. 09-50551 (MFW) |
| WASHINGTON MUTUAL, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant, Counterclaim <br> and Cross-Claim Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, <br><br> Cross-Claim Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Adv. Proc. No. 09-50934 (MFW) |

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

## OBJECTION OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, TO MOTION TO INTERVENE BY CERTAIN BONDHOLDERS OF WASHINGTON MUTUAL BANK

Defendant and cross-claim defendant the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this objection to the motion to intervene filed in these adversary proceedings by certain holders of senior notes issued by Washington Mutual Bank (the "WMB Bondholders"). The WMB Bondholders' motion to intervene should be denied.

1. The WMB Bondholders assert that they hold public debt that was issued by Washington Mutual Bank ("WMB") and that their claims have been recognized by the FDIC-Receiver as a "legitimate liability of the receivership." Bondholder Mem. at 1. The WMB Bondholders also have filed proofs of claim in these bankruptcy cases against the debtors Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (together, the "Debtors"), but they acknowledge that their proofs of claim "seek[] to recover from the Debtors for their losses on the Senior Notes" issued by WMB. Id. at 2.

2. To the extent that the WMB Bondholders have any interest in these adversary proceedings, such an interest is derivative of rights that are held by the FDIC-Receiver. Under the Federal Deposit Insurance Act (as amended, *inter alia*, by the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA")), when it was appointed, the FDIC-Receiver succeeded to "all rights, titles, powers, and privileges of" WMB, 12 U.S.C. § 1821(d)(2)(A)(i); it was empowered to operate or liquidate WMB, 12 U.S.C. §§ 1821(d)(2)(B), (E); and it was charged with the responsibility for determining claims against the receivership, 12 U.S.C. § 1821(d)(3).

3. The FDIC-Receiver is a party to both of these adversary proceedings. It is an additional defendant for the interpleader claim asserted in *JPMorgan Chase Bank, N.A. v. Washington Mutual, Inc.*, Adv. Proc. No. 09-50551 (MFW) (the "JPMC Adversary Proceeding"), which is the only claim for which the WMB Bondholders seek intervention. It is also a defendant on cross-claims asserted by JPMorgan Chase Bank, N.A. ("JPMC") in *Washington Mutual, Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Proc. No. 09-50934 (MFW) (the "Turnover Proceeding"), both with respect to the disputed deposit accounts and with respect to certain other assets.[2]

4. In enacting FIRREA, Congress established a statutory regime that "helps assure the expeditious and orderly protection of all who are interested in [a failed] bank by placing the pursuit of its rights, protection of its assets, and payment of its liabilities in the hands of a single, congressionally designated agency," the FDIC-Receiver. *Pareto v. F.D.I.C.*, 139 F.3d 696, 700 (9th Cir. 1998). The WMB Bondholders understood this statutory framework, or should have, when they purchased their WMB senior notes. They understood, or should have, that if WMB ever was closed by bank regulators, it would be the responsibility of the FDIC as receiver – without their assistance – to protect the interests of the receivership. They also understood, or should have, that in those circumstances, "[t]hey, like all others who have some interest in recovering funds from the closed bank, *must simply rely upon the FDIC to do its job.*" *Pareto*, 139 F.3d at 701 (emphasis added).

---

[2] In addition, the FDIC-Receiver has asserted claims against the Debtors, both as counterclaims in the action brought against it by the Debtors in the District of Columbia, *see Washington Mutual, Inc. v. F.D.I.C.*, No. 1:09-cv-0533 (RMC) (D.D.C.) (the "D.C. Action"), and in a proof of claim filed against WMI in its bankruptcy case. See Debtors' Opposition to Bank Bondholders' Motion to Intervene at 9.

3

5.      Participation in these adversary proceedings by the WMB Bondholders would hinder the progress of this litigation by adding unnecessary duplication to the proceedings. The FDIC-Receiver is entirely capable of representing the interests of the WMB receivership in this litigation without the assistance of the WMB Bondholders.

6.      Finally, the WMB Bondholders' argument is without merit that the FDIC-Receiver somehow is an inadequate representative in this litigation because its counsel expressed the view that common law fiduciary duties do not apply to the FDIC as receiver. The duties of the FDIC-Receiver are delineated expressly in its governing statute, which also makes clear that receivership creditors have no private right of action to enforce them. *See Hindes v. F.D.I.C.*, 137 F.3d 148, 170 (3d Cir. 1998). Nor is there merit to the bondholders' conclusory assertion that the FDIC-Receiver somehow suffers from a conflict of interest because the FDIC, in its corporate capacity, has been named as a defendant in the D.C. Action. FDIC-Corporate has filed its own motion to dismiss the claims in that litigation and is capable of representing its own interests without raising the specter of a conflict of interest.

# CONCLUSION

For the foregoing reasons, the WMB Bondholders' motion to intervene as defendants in these adversary proceedings should be denied.

Dated: Wilmington, Delaware
   July 29, 2009

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

By: /s/ *Jaime N. Luton*
Robert S. Brady (Bar No. 2847)
M. Blake Cleary (Bar No. 3614)
Jaime N. Luton (Bar No. 4936)

The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
mbcleary@ycst.com
jluton@ycst.com

- and -

Thomas R. Califano
John J. Clarke, Jr
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
thomas.califano@dlapiper.com
john.clarke@dlapiper.com

Attorneys for the FDIC-Receiver