# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
:
*In re*                                                    : Chapter 11
:
WASHINGTON MUTUAL, INC., *et al.*,[1]                      : Case No. 08-12229 (MFW)
:
        Debtors.   : Jointly Administered
:
---------------------------------------------------------- x
:
JPMORGAN CHASE BANK, NATIONAL                              :
ASSOCIATION,                                               :
:
        Plaintiff, :
:
        v.        :
:
WASHINGTON MUTUAL, INC. AND                                : Adversary Proceeding No. 09-50551 (MFW)
WMI INVESTMENT CORP.,                                      :
:
        Defendants for all claims, :
:
        -and-     :
:
FEDERAL DEPOSIT INSURANCE                                  :
CORPORATION,                                               :
:
        Additional Defendant :
        for Interpleader Claim. :
:
---------------------------------------------------------- x

## JPMORGAN CHASE BANK, N.A.'S
## STATEMENT IN SUPPORT OF APPEAL
## UNDER THE COLLATERAL ORDER DOCTRINE OR,
## IN THE ALTERNATIVE, MOTION FOR LEAVE TO APPEAL

---

[1] Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). Debtors continue to share their principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

{683.001-W0002990.}

Pursuant to 28 U.S.C. § 158(a)(1), JPMorgan Chase Bank, National Association ("JPMC"), by and through its undersigned counsel, submits this statement in support of its appeal under the collateral order doctrine and, in the alternative, hereby moves the United States District Court for the District of Delaware (the "Delaware District Court") pursuant to 28 U.S.C. § 158(a)(3) and Rule 8003 of the Federal Rules of Bankruptcy Procedure for leave to appeal from the September 14, 2009 order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying the Motion of JPMorgan Chase Bank, N.A. to Dismiss Debtors' Counterclaims (the "Order") (D.I. 141). In the Order, the Bankruptcy Court determined that it had subject matter jurisdiction over debtors' counterclaims against JPMC in the above-captioned adversary proceeding, notwithstanding the jurisdictional bar imposed by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"), and that the Bankruptcy Court was divested of jurisdiction to decide the motion upon the docketing of a prior appeal.

For the reasons stated in JPMC's previously filed Statement in Support of Appeal Under the Collateral Order Doctrine or, in the Alternative, Motion for Leave to Appeal, docketed on July 10, 2009 as Docket Item No. 78 in the adversary proceeding (the "Appeal Statement"), which JPMC hereby incorporates by reference, JPMC respectfully submits that an appeal from the Order is available as of right in accordance with the collateral order doctrine. The Order presents three important controlling questions of law, the proper resolution of any of which requires reversal of the Bankruptcy Court:

> 1. Does FIRREA's jurisdictional bar preclude the Bankruptcy Court from exercising subject matter jurisdiction over claims against a purchaser from the Federal Deposit Insurance Corporation ("FDIC") regarding the scope, validity or avoidability of a sale by and actions of the FDIC as receiver for a failed depository institution under Title 12 of the U.S. Code?

{683.001-W0002990.}
- 2 -

2. Does FIRREA bar Washington Mutual, Inc. and its subsidiary, Washington Mutual Investment Corp., (collectively, "WMI"), who have availed themselves of the FIRREA claims process, whose claims have been disallowed by the FDIC as receiver, and whose appeal of that disallowance is pending before another district court, from collaterally attacking the disallowance of their claims in the Bankruptcy Court against a purchaser from the FDIC?

3. Is the Order void for lack of subject matter jurisdiction for the additional reason that the Delaware District Court's docketing of JPMC's and the FDIC's appeals from the Bankruptcy Court's July 6, 2009 orders divested the Bankruptcy Court of jurisdiction to issue the Order, which implicates aspects of the case involved in a pending appeal?

In further support of this appeal, JPMC states and supplements its Appeal Statement as follows:

The Bankruptcy Court's Order determining that it has subject matter jurisdiction over debtors' counterclaims in this action is based on its incorrect conclusion that FIRREA's jurisdictional bar does not apply where, as here, claims are brought against a purchaser of assets from the FDIC, but not against the FDIC itself. (Hr'g Tr., August 24, 2009, at 105:22-25 ("And I think that actions against parties other than the FDIC, and specifically JPMC are not barred by FIRREA, and specifically all of the counterclaims brought by the debtor.") (attached hereto as Exhibit C.) Since the filing of the Appeal Statement, the Bankruptcy Court's error was recognized by the Honorable Kenneth M. Hoyt of the United States District Court for the Southern District of Texas, who was also presiding over a lawsuit that purported to assert claims against JPMC, as the purchaser of assets from the FDIC as receiver. *American National Insurance Co. v. FDIC*, No. 3:09-cv-00044, slip op. (S.D. Tex. Sept. 9, 2009) (attached hereto as Exhibit A). Judge Hoyt was provided a copy of the Bankruptcy Court's decision at issue in this appeal, but nonetheless found that FIRREA barred him from hearing claims seeking a

determination of rights with respect to assets of WMB or challenging the actions of WMB or the FDIC as receiver, even when those claims are brought against JPMC:

> The Court is of the opinion that the plaintiffs[] have either misread the statute or, in an effort to craft a suit that avoids the reach of the statute, ignored the 'well pleaded complaint rule.' In truth, *the plaintiffs' suit is related to the actions taken by the FDIC-Receiver when it sold substantially all of the assets of WMB to JPMC Bank on September 25, 2008* . . . . [A]s with this case, the FDIC, as receiver for failed institutions, has a right to defend suits against it at specific locations, *i.e.*, the district of the depository institution's principal place of business or in the District of Columbia. In the case at bar, the plaintiffs failed to bring their suit in either of the permissible venues.

*Id.* at 4-5 (emphasis added) (citations omitted). Judge Hoyt is correct, and the Bankruptcy Court committed manifest error in determining that FIRREA did not bar it from exercising subject matter jurisdiction over the debtors' counterclaims.

The Appeal Statement is further supplemented because the Bankruptcy Court also erred because its Order implicates an issue that is already before this Court in a pending appeal, *i.e.*, its ability to exercise subject matter jurisdiction despite the prohibition imposed by FIRREA. It is a fundamental principle of federal civil procedure that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the [bankruptcy] court of its control over those aspects of the case involved in the appeal."[2] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This divestiture of jurisdiction occurs automatically upon the timely filing of a notice of appeal from final judgment or, as is applicable here, from an appeal pursuant to the collateral order doctrine. *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir. 1980); *In re Sacred Heart Hosp. of Norristown*, 204 B.R. 132, 143 (E.D. Pa.

---

[2] This "fundamental tenet of federal civil procedure"—that the filing of an appeal divests the lower court of jurisdiction over matters covered by the appeal—applies with equal force to appeals from bankruptcy courts. *In re AWC Liquidation Corp.*, 292 B.R. 239, 242 (D. Del. 2003) (holding that "[t]his [divestiture] rule applies with equal force to bankruptcy cases.") (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 578-79 (5th Cir. 2002)).

1997), *aff'd* 133 F.3d 237, 241 (3d Cir. 1998) (expressly recognizing the district court's holding that the "bankruptcy court lacked jurisdiction over the adversary proceeding after . . . [an appeal pursuant to the] collateral order" doctrine was brought). JPMC's July Appeal put at issue whether FIRREA's jurisdictional bar divested the Bankruptcy Court of jurisdiction to rule on such matters. The Bankruptcy Court therefore has no jurisdiction to rule on this "aspect of the case" while the July Appeal is pending. *See, e.g., In re AWC Liquidation Corp.*, 292 B.R. 239, 242 (D. Del. 2003) (holding that a bankruptcy court could not enter an order related to the subject of a pending appeal once the notice of appeal had been filed because the appeal divests the bankruptcy court of jurisdiction and confers jurisdiction on the district court). Consequently, the Order, which was entered on the docket in the adversary proceeding on September 14, 2009, is null and void.

JPMC believes that an appeal from the Order is available in accordance with the collateral order doctrine but, to the extent the Court disagrees, JPMC hereby incorporates by reference the Appeal Statement, which, together with this motion, sets forth in detail (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; and (3) a statement of the reasons why appeal should be granted. Pursuant to Rule 8003, JPMC attaches as Exhibits B and C, respectively, a copy of the Order, as well as a copy of the relevant pages of the August 24, 2009 hearing transcript at which the ruling, upon which the Order was based, was given.

*[Remainder of this page was intentionally left blank]*

Dated: September 18, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

– and –

Robert A. Sacks
Hydee R. Feldstein
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Bruce E. Clark
Stacey R. Friedman
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for JPMorgan Chase Bank, N.A.*