# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | : Chapter 11 |
|  | : |
| WASHINGTON MUTUAL, INC., et al.,[1] | : Case No. 08-12229 (MFW) |
|  | : |
| Debtors. | : Jointly Administered |
|  | : |
|  | : |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | : |
|  | : Adversary Proceeding No. 09-50551 (MFW) |
| *Plaintiff,* | : |
|  | : |
| v. | : |
|  | : |
| WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP., | : |
|  | : |
| *Defendants for all claims,* | : |
|  | : |
| - and - | : |
|  | : |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | : |
|  | : |
| *Additional Defendant for Interpleader Claim,* | : |
|  | : |
| - and - | : |
|  | : |
| BANK BONDHOLDERS, | : |
|  | : |
| *Intervenors With Respect to Interpleader Claim.* | : |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395).

## ANSWER OF THE BANK BONDHOLDERS

The Bank Bondholders, proposed Intervenor-Defendants ("Intervenor-Defendants" or "Bank Bondholders"),[2] file the following Answer in response to Count 8 of the Complaint. Plaintiff JPMorgan Chase Bank, National Association ("JPMC") asserts Count 8 against the Federal Deposit Insurance Corporation ("FDIC"), Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment") (WMI and WMI Investment collectively, "Debtors"). Count 8 is the Interpleader Claim regarding any funds that constitute depository liabilities ("Deposits") of Washington Mutual Bank ("WMB"), or its former subsidiary Washington Mutual Bank, fsb ("WMBfsb"), to which Debtors have asserted claims as purported depositors. The Bank Bondholders assert no claims against Plaintiff JPMorgan Chase Bank ("JPMC") or any of the WMB assets purchased by JPMC. The Bank Bondholders intervene in this action only to defend against any claims of WMI to the Deposits and protect their rights, and/or the rights of the WMB Receivership Estate, to any Deposits if and to the extent that it is determined that such Deposits are valid deposit or other liabilities and the question becomes to whom JPMC owes such amounts.

Because of the Bank Bondholders' limited intervention, they respond only to the numbered paragraphs in Count 8 of the Complaint:

210. Paragraph 210 incorporates by reference the prior paragraphs in the Complaint.

---

[2] The Bank Bondholders are Bank of Scotland plc; Fir Tree Capital Opportunity Master Fund, L.P.; Fir Tree Mortgage Opportunity Master Fund, L.P.; Fir Tree Value Master Fund, L.P.; HFR ED Select Fund IV Master Trust; Lyxor/York Fund Limited; Marathon Credit Opportunity Master Fund, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; Permal York Ltd.; The Värde Fund, L.P.; The Värde Fund VI-A, L.P.; The Värde Fund VII-B, L.P.; The Värde Fund VIII, L.P.; The Värde Fund IX, L.P.; The Värde Fund IX-A, L.P.; Värde Investment Partners (Offshore), Ltd.; Värde Investment Partners, L.P.; York Capital Management, L.P.; York Credit Opportunities Fund, L.P.; York Credit Opportunities Master Fund, L.P.; York Investment Master Fund, L.P.; York Select, L.P.; and York Select Master Fund, L.P.

The Bank Bondholders state that many of the allegations in the preceding paragraphs of the Complaint are (1) not relevant to the Interpleader Claim and therefore do not require a response from the Bank Bondholders, and/or (2) contain legal conclusions that require neither admission or denial. With respect to those factual allegations that relate to the Interpleader Claim, the Bank Bondholders admit, on information and belief, that JPMC entered into a Purchase and Assumption Agreement (the "P&A") with the FDIC, whereby JPMC acquired various assets of WMB, as set forth in the P&A, which speaks for itself. The Bank Bondholders further admit, on information and belief, that Debtors submitted claims in the Receivership Estate of WMB, which claims speak for themselves. The Bank Bondholders also admit, on information and belief, that on January 23, 2009, the FDIC, as receiver, disallowed Debtors' claims and that on March 20, 2009, Debtors filed an action against the FDIC in the United States District Court for the District of Columbia captioned *Washington Mutual, Inc. et al. v. Federal Deposit Insurance Corporation*, Case no. 1:09-cv-00533 (the "District Court Action"), in which Debtors demanded a trial by jury. The Bank Bondholders further admit that any deposit liabilities claimed by WMI against JPMC are subject to Section 9.5 of the P&A. With respect to the remaining factual allegations asserted in the previous paragraphs of the Complaint relating to the Interpleader Claim, the Bank Bondholders lack information sufficient to admit or deny those allegations.

211. The Bank Bondholders admit that competing claims have been or may be asserted as set forth in paragraph 211.

212. The Bank Bondholders admit that JPMC seeks the relief set forth in paragraph 212.

## ADDITIONAL DEFENSES

In further response to the Interpleader Claim, and without conceding that any of the defenses set forth herein are affirmative defenses for which the Bank Bondholders or any other defendant bear the burden of proof or are required to plead, the Bank Bondholders, upon information and belief and subject to further investigation and discovery, assert the following additional defenses:

### First Additional Defense

To the extent that Debtors purported to have any funds on deposit with WMB, and if and to the extent such deposits were transferred by the FDIC to JPMC pursuant to the P&A, such deposits are subject to the rights of the WMB Receivership Estate as set forth in Section 9.5 of the P&A.

### Second Additional Defense

To the extent that Debtors purported to have any funds on deposit with WMBfsb, such funds were transferred (or reflect accounting entries purporting to effect such transfers) from WMB to WMBfsb, at the direction of WMI, shortly before the Debtors filed for bankruptcy and WMB was forced into receivership. Any such transfer or purported transfers are avoidable for the benefit of the WMB Receivership Estate and its creditors.

### Third Additional Defense

The Bank Bondholders and the Receivership Estate have substantial claims against the Debtors, as set forth in the Bank Bondholders' and the FDIC's Proofs of Claims filed in these bankruptcy cases. To the extent that the Court should determine that Debtors are entitled to any of the Deposits, any such amounts should first be subject to setoff and/or recoupment against the

valid claims and rights of the Receivership Estate and its creditors, including the Bank Bondholders.

### Fourth Additional Defense

WMI was the shareholder, not a creditor, of WMB. Under applicable banking law, and in accordance with its own representations, WMI was supposed to act as a "source of strength" for WMB. WMI failed to do so, and accordingly, any claims the Debtors may assert to the Deposits are barred and/or subject to offsetting liabilities.

### Fifth Additional Defense

The Bank Bondholders and the Receivership Estate have substantial claims against both WMI and WMI Investment Corp., as set forth in their Proofs of Claim. The Bank Bondholders incorporate by reference their Proofs of Claims, which are attached as Exhibit A hereto. The Bank Bondholders reserve all their claims as against the Debtors.

### Sixth Additional Defense

The Bank Bondholders reserve the right to assert and rely upon any and all additional claims or defenses asserted by any other defendant, and/or any and all additional defenses that may be developed during discovery, and reserve the right to amend this Answer to the extent necessary to assert such defense.

DATED: J~~uly 15, 2009~~ 7/19/09

Respectfully submitted,

Intervenor-Applicants Bank Bondholders

By their Attorneys,

_____
Laura Davis Jones
Alan Kornfeld
Timothy P. Cairns
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Philip D. Anker
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Russell J. Bruemmer
Gianna Ravenscroft
Nancy L. Manzer
Lisa Ewart
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363