## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------- x

*In re*                  :    Chapter 11

WASHINGTON MUTUAL, INC., *et al.*,[1]   :    Case No. 08-12229 (MFW)

     Debtors.           :    Jointly Administered

----------------------------------------------------- x

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION,             :    Adversary Proceeding No. 09-50551

     Plaintiff and Counterclaim
     Defendant,

        v.

WASHINGTON MUTUAL, INC. AND
WMI INVESTMENT CORP.,

     Defendants and Counterclaimants.

     - and –

FEDERAL DEPOSIT INSURANCE
CORPORATION,

     Additional Defendant for Interpleader
     claim.

----------------------------------------------------- x

## JPMORGAN CHASE BANK, N.A.'S ANSWER TO DEFENDANTS'
## AMENDED COUNTERCLAIMS

---

[1]      The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors continue to share the principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

Plaintiff and Counterclaim Defendant JPMorgan Chase Bank, National Association ("JPMC"), by and through its undersigned counsel, for its Answer to the Amended Counterclaims of Washington Mutual, Inc. and WMI Investment Corp. (collectively, "WMI" or "Debtors") dated September 11, 2009 (the "Amended Counterclaims"), hereby responds as follows:

Unless otherwise expressly admitted, JPMC denies each and every allegation in the Amended Counterclaims, including without limitation, any allegations in the headings, subheadings, preamble, and prayer.

## INTRODUCTION

1.  To the extent any response is required, denies the allegations of paragraph 1.

2.  Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.  Paragraph 3 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 3, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their or WMB's solvency.

4.  Denies the allegations of paragraph 4, except (i) admits that on September 25, 2008, the Director of the Office of Thrift Supervision ("OTS") by order number 2008-36, appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver for Washington Mutual Bank, Henderson Nevada ("WMB") and the Receiver took possession of WMB in a receivership proceeding under section 1821 of Title 12 of the United States Code, (ii) admits that on September 25, 2008, the FDIC, as Receiver and in its corporate capacity, also entered into a

Purchase and Assumption transaction with JPMC under the Purchase and Assumption Agreement (the "P&A Agreement"), whereby JPMC acquired substantially all of the assets and certain liabilities of WMB's banking operations under the authority vested in the FDIC by Title 12, (iii) admits that JPMC paid $1.88 billion dollars to the FDIC pursuant to the P&A Agreement, and (iv) respectfully refers the Court to the P&A Agreement for a complete and accurate statement of its terms.

5.     Denies the allegations of paragraph 5, except admits that on September 26, 2008, at approximately 10:16 p.m., WMI and WMI Investment filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the Bankruptcy Court, and admits that Debtors purport to reference statements by JPMC and respectfully refers the Court to the relevant statements for a complete and accurate description of their contents.

### JURISDICTION AND VENUE

6.     Paragraph 6 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 6, except admits that Debtors purport to bring this action under Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 541, 544, 547, 548 and 550.

7.     Paragraph 7 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 7, except admits that Debtors purport to allege that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

8.     Paragraph 8 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 8, except admits that Debtors purport to allege that venue is proper under 28 U.S.C. § 1409(b).

9. Paragraph 9 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 9, except admits that Debtors purport to allege that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## THE PARTIES

10. Admits the allegations of paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

## FACTUAL ALLEGATIONS

13. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Paragraph 15 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 15, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their solvency.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, except admits that Debtors purport to reference a news article and respectfully refers the Court to that article for a complete and accurate statement of its contents.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, except admits that Debtors purport to reference a news article and respectfully refers the Court to that article for a complete and accurate statement of its contents.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, except respectfully refers the Court to the referenced examination report and memorandum of understating for a complete and accurate statement of their contents and the OTS's findings.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, except admits that (i) it is reported that on July 11, 2008 the OTS closed IndyMac Bank and appointed the FDIC receiver for that institution, (ii) admits that Debtors purport to reference a news article and respectfully refers the Court to that article for a complete and accurate statement of its contents, and (iii) admits that WMB experienced some deposit outflows on July 14, 2008.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, except admits that Debtors purport to reference a press release and news article and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, except admits that Debtors purport to reference news articles

and respectfully refers the Court to those articles for a complete and accurate statement of their contents.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, except admits that Debtors purport to reference a news article and respectfully refers the Court to that article for a complete and accurate statement of its contents.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, except admits that Debtors purport to reference news articles and respectfully refers the Court to those articles for a complete and accurate statement of their contents.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, except admits that Debtors purport to reference a letter issued by the OTS, a news article, and an order issued by the OTS, and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

26.     Denies the allegations of paragraph 26.

27.     Denies the allegations of paragraph 27.

28.     Denies the allegations of paragraph 28, except denies knowledge or information sufficient to form a belief as to Debtors' solvency, and avers that the second sentence in paragraph 28 contains legal assertions as to which no response is required.

29.     Denies the allegations of paragraph 29, except admits that Debtors purport to reference JPMC's Complaint and respectfully refers the Court to that complaint for a complete and accurate statement of its contents.

30.     Denies the allegations of paragraph 30, except admits that JPMC entered into the P&A Agreement pursuant to which JPMC acquired certain assets and liabilities of WMB and respectfully refers the Court to that agreement for a complete and accurate statement of its terms.

31.     Paragraph 31 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 31.

32.     Denies the allegations of paragraph 32, except admits that between March 2006 and October 2007 the securities (the "Trust Securities") issued by certain issuer trusts (the "Issuing Trusts") were issued in accordance with their governing documents and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

33.     Denies the allegations of paragraph 33, except admits that limitations on assets, holdings and equity are set forth in the governing documents and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

34.     Denies the allegations of paragraph 34, except (i) admits that the Trust Securities were offered and sold to "qualified institutional buyers" or "qualified purchasers," (ii) admits that the Trust Securities were exchangeable upon the occurrence of an exchange event, (iii) avers that on February 23, 2006, WMI committed to contribute the Trust Securities to WMB upon the occurrence of an exchange event, stating that WMI "hereby undertakes that if, as a result of a [exchange event]," WMI exchanges its preferred stock for the Trust Securities, "WMI will contribute to WMB the [Trust Securities]," and (iv) avers that the Trust Securities have never been beneficially owned by WMI and have always been subject to a concomitant obligation to contribute the Trust Securities to WMB as a necessary corollary to the treatment of

the Trust Securities as core capital of WMB, and (v) respectfully refers the Court to the governing documents for a complete and accurate statement of their contents.

35.     Denies the allegations of paragraph 35, except admits that on February 23, 2006, WMI committed to contribute the Trust Securities to WMB upon the occurrence of an exchange event, stating that WMI "hereby undertakes that if, as a result of a [exchange event]," WMI exchanges its preferred stock for the Trust Securities, "WMI will contribute to WMB the [Trust Securities]," and admits that Debtors purport to reference correspondence between WMI and the OTS and respectfully refers the Court to the referenced correspondence for a complete and accurate statement of its contents.

36.     Denies the allegations of paragraph 36, except admits that Debtors purport to reference correspondence and respectfully refers the Court to the referenced correspondence for a complete and accurate statement of its contents.

37.     Denies the allegations of paragraph 37, except admits that the Trust Securities were issued, registered, and held in accordance with the governing documents and respectfully refers the Court to the governing documents for a complete and accurate statement of their contents.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, except admits that Debtors purport to reference a letter from OTS to WMI and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

40.     Denies the allegations of paragraph 40, except admits that JPMC acquired substantially all of the assets and certain liabilities of WMB's banking operations pursuant to the P&A Agreement and respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

41.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, except admits that and Assignment Agreement was executed on September 25, 2008 and respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

42.     Denies the allegations of paragraph 42, except admits that WMI responded to the OTS letter on September 25, 2008 and respectfully refers the Court to that correspondence for a complete and accurate statement of its contents and to the Amended and Restated Trust Agreement for a complete and accurate statement of its terms.

43.     Paragraph 43 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 43.

44.     Denies the allegations of paragraph 44, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their solvency and admits that Debtors purport to reference JPMC's Complaint and respectfully refers the Court to that complaint for a complete and accurate statement of its contents.

45.     Denies the allegations of paragraph 45.

46.     Paragraph 46 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 46.

47.     Paragraph 47 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 47.

48.     Paragraph 48 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 48, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their solvency.

49.     Paragraph 49 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 49, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their solvency.

50.     Paragraph 50 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 50.

51.     Paragraph 51 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 51, except admits that JPMC is the sole owner of all equitable and beneficial right, title and interest in the Trust Securities and seeks a declaration that it owns the Trust Securities, and admits that Debtors purport to reference the P&A Agreement and respectfully refers the Court to that agreement for a complete and accurate statement of its contents.

52.     Paragraph 52 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 52.

53.     Paragraph 53 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 53.

54.     Paragraph 54 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 54.

55. Denies the allegations of paragraph 55, except admits that Debtors purport to reference the Trust Agreement and a relevant press release and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and footnote 8 to that paragraph.

57. Paragraph 57 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 57.

58. Denies the allegations of paragraph 58, except admits that Debtors purport to reference the P&A Agreement and respectfully refers the Court to that agreement and relevant bid documents for a complete and accurate statement of their terms.

59. Denies the allegations of paragraph 59, except admits the Debtors purport to reference the P&A Agreement and respectfully refers the Court to that agreement for a complete and accurate statement of its terms.

60. Paragraph 60 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 60.

61. Paragraph 61 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 61.

62. Denies or denies knowledge or information sufficient to form a belief as to the allegations in paragraph 62, except admits that WMI transferred certain sums to WMB, for the benefit of WMB, or to WMB fsb that may relate to or be setoff due to other obligations.

63. Paragraph 63 contains legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge sufficient to form a belief as to the truth of the allegations of paragraph 63, except admits that WMI caused certain transfers of

property (or an interest in property) to WMB or to certain third parties for the benefit of WMB that may relate to or be setoff due to other obligations.

64. Paragraph 64 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 64.

65. Paragraph 65 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 65, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their solvency.

66. Denies the allegations of paragraph 66, except admits that JPMC merged with WMB fsb and admits that, pursuant to the P&A Agreement, JPMC acquired certain assets of WMB and respectfully refers the Court to the P&A Agreement for a complete and accurate statement of its terms.

67. Paragraph 67 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 67.

68. Denies the allegations of paragraph 68, except admits that Debtors purport to reference a news article and respectfully refers the Court to that article for a complete and accurate statement of its contents.

69. Admits the allegations of paragraph 69.

70. Denies the allegations of paragraph 70, except admits that JPMC paid $1.88 billion dollars to the FDIC to acquire substantially all of the assets and certain liabilities of WMB pursuant to the P&A Agreement.

71.     Denies the allegations of paragraph 71, except admits that Debtors purport to reference a memorandum and respectfully refers the Court to that memorandum for a complete and accurate statement of its contents.

72.     Denies the allegations of paragraph 72, except admits that Debtors purport to reference a Form 10-Q and Form 10-K and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

73.     Denies the allegations of paragraph 73, except admits that Debtors purport to reference a press release and news articles and respectfully refers the Court to these documents for a complete and accurate statement of their contents.

74.     Paragraph 74 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 74, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning WMB's solvency.

75.     Paragraph 75 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 75.

76.     Denies the allegations of paragraph 76, except admits that amounts referenced appear as general ledger entries on the books and records of Washington Mutual that may or may not be valid, but which do not reflect (among other things) consolidated assets or liabilities, or the extent to which those assets or liabilities may be setoff due to other obligations.

77.     Denies the allegations of paragraph 77, except admits that the books and records of WMB reflect certain intercompany receivables and payables that may or may not be valid, but which do not reflect (among other things) consolidated payables or receivables, or the extent to which those amounts may be setoff due to other obligations.

78.     Denies the allegations of paragraph 78, except admits that the books and records of WMB reflect certain intercompany receivables and payables that may or may not be valid, but which do not reflect (among other things) consolidated payables or receivables, or the extent to which those amounts may be setoff due to other obligations.

79.     Denies the allegations of paragraph 79, except respectfully refers the Court to the Administrative Services Agreement for a correct and accurate statement of its terms, denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their "historical practice," and admits that WMI purports to have made payments into employee pension plans.

80.     Denies the allegations of paragraph 80, except admits that Debtors purport to reference the P&A Agreement and respectfully refers the Court to that agreement for a true and correct statement of its terms.

81.     Denies the allegations of paragraph 81, except admits that a list was attached as Exhibit 3 to the Amended Counterclaims and respectfully refers the Court to this exhibit for the contents thereof.

82 (a).[2] Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82.

82 (b). Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82, except admits that at the time WMB was placed into receivership by the OTS, it was the sixth largest bank in the United States.

---

[2]     Debtors' Amended Counterclaims include two paragraphs numbered "82." In order that JPMC's numbered paragraphs continue to correspond to the paragraph numbers in Debtors' Amended Counterclaims they are addressing, JPMC also includes two paragraphs numbered "82" — one numbered "82(a)" and one numbered "82(b)."

83. Denies the allegations of paragraph 83, except admits that a list was attached as Exhibit 4 to the Amended Counterclaims and respectfully refers the Court to this exhibit for the contents thereof.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84.

85. Denies the allegations of paragraph 85, except denies knowledge or information sufficient to form a belief as to the truth of Debtors allegations concerning Debtors' practice regarding domain names.

86. Denies the allegations of paragraph 86, except avers that wamu.com was the primary website for WMB's banking operations and admits that WAMU.COM is subject to a U.S. federal trademark registration.

87. Denies the allegations of paragraph 87.

88. Denies the allegations of paragraph 88.

89. Paragraph 89 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 89.

90. Paragraph 90 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 90.

91. Denies the allegations of paragraph 91.

92. Paragraph 92 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 92.

## FIRST COUNTERCLAIM
### Avoidance and Recovery of Capital Contributions Pursuant to 11 U.S.C. §§ 548, 550

93. JPMC incorporates its responses to paragraphs 1 through 92 as if fully set forth herein.

94.     Denies the allegations of paragraph 94.

95.     Paragraph 95 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 95.

96.     Paragraph 96 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 96, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their or WMB's solvency.

97.     Paragraph 97 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 97.

## SECOND COUNTERCLAIM
### Avoidance and Recovery of Capital Contributions Pursuant to 11 U.S.C. §§ 544, 550; RCW §§ 19.40.041, 19.40.051, 19.40.071 & 19.40.081

98.     JPMC incorporates its responses to paragraphs 1 through 97 as if fully set forth herein.

99.     Paragraph 99 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 99.

100.    Paragraph 100 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 100.

101.    Paragraph 101 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 101.

102.    Paragraph 102 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 102, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their or WMB's solvency.

103.    Paragraph 103 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 103.

## THIRD COUNTERCLAIM
### Avoidance and Recovery of Trust Securities Pursuant to 11 U.S.C. §§ 548, 550

104.    JPMC incorporates its responses to paragraphs 1 through 103 as if fully set forth herein.

105.    Paragraph 105 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 105.

106.    Paragraph 106 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 106.

107.    Denies the allegations of paragraph 107, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their or WMB's solvency.

108.    Paragraph 108 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 108.

109.    Paragraph 109 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 109.

## FOURTH COUNTERCLAIM
### Avoidance and Recovery of Trust Securities Pursuant to 11 U.S.C. §§ 544, 550; RCW §§ 19.40.041, 19.40.051, 19.40.071 & 19.40.081

110.    JPMC incorporates its responses to paragraphs 1 through 109 as if fully set forth herein.

111.    Paragraph 111 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 111.

112.    Paragraph 112 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 112.

113.    Paragraph 113 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 113.

114.    Denies the allegations of paragraph 114, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their or WMB's solvency.

115.    Paragraph 115 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 115.

116.    Paragraph 116 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 116.

## FIFTH COUNTERCLAIM
### Avoidance and Recovery of Trust Securities Pursuant to 11 U.S.C. §§ 547, 550

117.    JPMC incorporates its responses to paragraphs 1 through 116 as if fully set forth herein.

118.    Paragraph 118 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 118.

119.    Paragraph 119 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 119.

120.    Paragraph 120 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 120.

121.    Denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations in paragraph 121 concerning their solvency.

122.     Paragraph 122 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 122.

123.     Paragraph 123 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 123.

124.     Paragraph 124 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 124.

## SIXTH COUNTERCLAIM
### Avoidance and Recovery of Trust Securities Pursuant to 11 U.S.C. §§ 544, 550; RCW §§ 19.40.051, 19.40.071 & 19.40.081

125.     JPMC incorporates its responses to paragraphs 1 through 124 as if fully set forth herein.

126.     Paragraph 126 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 126.

127.     Paragraph 127 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 127.

128.     Paragraph 128 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 128.

129.     Paragraph 129 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 129.

130.     Paragraph 130 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 130.

131.     Denies the allegations of paragraph 131, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their solvency.

132.     Paragraph 132 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 132.

## SEVENTH COUNTERCLAIM
### Declaratory Judgment that Trust Securities are Property of the Estate

133.     JPMC incorporates its responses to paragraphs 1 through 132 as if fully set forth herein.

134.     To the extent a response is required, denies the allegations of paragraph 134, except admits that Debtors purport to claim that the Trust Securities were not transferred to WMB, the FDIC, or JPMC.

135.     Admits the allegations of paragraph 135.

136.     Denies the allegations of paragraph 136.

137.     Paragraph 137 consists of legal assertions as to which no response is required. To the extent a response is required, admits the allegations of paragraph 137.

138.     Admits that Debtors purport to seek the relief referenced in paragraph 138.

## EIGHTH COUNTERCLAIM
### Avoidance and Recovery of Preferential Transfers to WMB
### Pursuant to 11 U.S.C. §§ 547, 550

139.     JPMC incorporates its responses to paragraphs 1 through 138 as if fully set forth herein.

140.     Paragraph 140 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 140.

141.     Paragraph 141 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 141.

142.     Paragraph 142 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 142.

143.     Paragraph 143 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 143.

144.     Paragraph 144 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 144.

145.     Paragraph 145 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 145.

## NINTH COUNTERCLAIM
### Avoidance and Recovery of Preferential Transfers to WMB Pursuant to 11 U.S.C. §§ 544, 550; RCW §§ 19.40.051, 19.40.071 & 19.40.081

146.     JPMC incorporates its responses to paragraphs 1 through 145 as if fully set forth herein.

147.     Paragraph 147 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 147.

148.     Paragraph 148 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 148.

149.     Paragraph 149 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 149.

150.     Paragraph 150 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 150.

151.     Paragraph 151 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 151, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning their solvency.

152.    Paragraph 152 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 152.

**TENTH COUNTERCLAIM**
**Fraudulent Transfer Pursuant to 11 U.S.C. §§ 541; RCW §§ 19.40.041, 19.40.051, 19.40.071 & 19.40.081; NEV. REV. STAT. §§ 112.180, 112.190, 112.210 & 112.220**

153.    JPMC incorporates its responses to paragraphs 1 through 152 as if fully set forth herein.

154.    Paragraph 154 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 154.

155.    Denies the allegations of paragraph 155, except denies knowledge or information sufficient to form a belief as to the truth of Debtors' allegations concerning WMB's solvency.

156.    Paragraph 156 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 156.

157.    Denies the allegations of paragraph 157.

158.    Paragraph 158 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 158.

159.    Paragraph 159 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 159.

160.    Paragraph 160 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 160.

161.    Paragraph 161 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 161.

## ELEVENTH COUNTERCLAIM
## Disallowance of Claims
## Pursuant to 11 U.S.C. §§ 105, 502

162. JPMC incorporates its responses to paragraphs 1 through 161 as if fully set forth herein.

163. Admits the allegations in the first sentence of paragraph 163, and admits that Debtors purport to object to the referenced proofs of claims.

164. Denies the allegations of paragraph 164, except avers that the first sentence of paragraph 164 consists of legal assertions as to which no response is required and admits that JPMC purchased substantially all of the assets of WMB pursuant to the P&A Agreement.

165. Paragraph 165 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 165.

166. Paragraph 166 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 166.

## TWELFTH COUNTERCLAIM
## Declaratory Judgment that Certain Assets are Property of the Estate

167. JPMC incorporates its responses to paragraphs 1 through 166 as if fully set forth herein.

168. Admits the allegations of paragraph 168 and respectfully refers the Court to the Complaint for a complete and accurate statement of its contents.

169. Denies the allegations of paragraph 169.

170. Paragraph 170 consists of legal assertions as to which no response is required. To the extent a response is required, admits the allegations of paragraph 170.

171. Admits that Debtors purport to seek the relief referenced in paragraph 171.

## THIRTEENTH COUNTERCLAIM
## Turnover of Intercompany Amounts Due
## Pursuant to 11 U.S.C. § 542

172.     JPMC incorporates its responses to paragraphs 1 through 171 as if fully set forth herein.

173.     Denies the allegations of paragraph 173.

174.     Paragraph 174 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 174.

## FOURTEENTH COUNTERCLAIM
## Unjust Enrichment, Constructive Trust, and Equitable Lien

175.     JPMC incorporates its responses to paragraphs 1 through 174 as if fully set forth herein.

176.     Paragraph 176 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 176.

177.     Paragraph 177 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 177.

## FIFTEENTH COUNTERCLAIM
## Trademark Infringement Pursuant to 15 U.S.C. § 1114

178.     JPMC incorporates its responses to paragraphs 1 through 177 as if fully set forth herein.

179.     Paragraph 179 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 179.

180.     Paragraph 180 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 180.

181. Paragraph 181 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 181.

182. Denies the allegations of paragraph 182.

183. Denies the allegations of paragraph 183, except avers that the second sentence of paragraph 183 consists of legal assertions as to which no response is required.

184. Paragraph 184 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 184.

185. Paragraph 185 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 185.

186. Paragraph 186 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 186.

### SIXTEENTH COUNTERCLAIM
### Common Law Trademark Infringement

187. JPMC incorporates its responses to paragraphs 1 through 186 as if fully set forth herein.

188. Denies the allegations of paragraph 188.

189. Paragraph 189 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 189.

190. Paragraph 190 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 190.

191. Paragraph 191 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 191.

## SEVENTEENTH COUNTERCLAIM
## Patent Infringement

192. JPMC incorporates its responses to paragraphs 1 through 191 as if fully set forth herein.

193. Paragraph 193 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 193, except admits that Debtors purport to allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

194. Denies the allegations of paragraph 194, except admits that United States Patent No. 6,681,985 (the "'985 patent") is entitled "System for Providing Enhanced Systems Management, Such As In Branch Banking" and was issued on January 27, 2004, avers that a copy of the '985 patent was attached as Exhibit 5 to the Amended Counterclaims and respectfully refers the Court to this exhibit for the contents thereof.

195. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195.

196. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196.

197. Denies the allegations of paragraph 197.

198. Denies the allegations of paragraph 198.

199. Paragraph 199 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 199.

200. Paragraph 200 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 200.

201.    Paragraph 201 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 201.

202.    Paragraph 202 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 202.

203.    Paragraph 203 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 203.

204.    Paragraph 204 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 204.

205.    Paragraph 205 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 205.

## EIGHTEENTH COUNTERCLAIM
### Federal Copyright Infringement Pursuant to 17 U.S.C. § 501

206.    JPMC incorporates its responses to paragraphs 1 through 205 as if fully set forth herein.

207.    Denies the allegations of paragraph 207, except avers that certain copies of screenshots referencing the Unites States Copyright Office, dated May 28, 2009 and May 29, 2009, the date Debtors originally filed their Answer and Counterclaims, were attached as Exhibit 6 to the original Answer and Counterclaims and admits that certain certificates were attached as Exhibit 6 to the Amended Counterclaims and respectfully refers the Court to this exhibit for the contents thereof.

208.    Paragraph 208 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 208.

209.    Paragraph 209 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 209.

210.     Paragraph 210 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 210.

211.     Paragraph 211 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 211.

212.     Paragraph 212 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of paragraph 212.

Denies all of the allegations of the Amended Counterclaims not specifically admitted above, including those set forth in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

In further response to the Amended Counterclaims, upon information and belief and subject to further investigation and discovery, JPMC alleges the following affirmative defenses without assuming any burden of proof that JPMC does not otherwise bear:

### First Affirmative Defense

The Amended Counterclaims and each of them fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Debtors' claims in this action. In addition, this Court is divested of jurisdiction while JPMC's appeal is pending.

### Third Affirmative Defense

Debtors lack standing to maintain some or all of the claims alleged in the Amended Counterclaims.

### Fourth Affirmative Defense

Debtors' claims are barred, in whole or in part, by principles of *res judicata* and/or collateral estoppel.

### Fifth Affirmative Defense

Debtors are barred from seeking or obtaining some or all of the relief sought in the Amended Counterclaims by the doctrines of waiver, estoppel, laches, and/or acquiescence.

### Sixth Affirmative Defense

Debtors are barred from seeking or obtaining some or all of the relief sought in the Amended Counterclaims as a result of their unclean hands.

### Seventh Affirmative Defense

Debtors are barred from seeking or obtaining some or all of the relief sought in the Amended Counterclaims by the doctrine of *in pari delicto.*

### Eighth Affirmative Defense

Debtors' claims are barred, in whole or in part, for failure to join one or more indispensable parties.

### Ninth Affirmative Defense

Debtors' claims are barred, in whole or in part, by applicable banking rules, regulations and statutes.

### Tenth Affirmative Defense

JPMC is entitled to a setoff, recoupment and/or offset from any recovery to which Debtors may be found to be entitled.

### Eleventh Affirmative Defense

Debtors are barred from some or all of the recovery they seek due to a failure of consideration.

### Twelfth Affirmative Defense

Debtors' claims are barred, in whole or in part, due to their fraud.

### Thirteenth Affirmative Defense

Debtors' claims are barred, in whole or in part, because their conduct and/or the matters upon which their claims are based were or are illegal.

### Fourteenth Affirmative Defense

Debtors' claims are barred, in whole or in part, because the transactions on which their claims are based were the product of duress.

### Fifteenth Affirmative Defense

Debtors' claims are barred because they failed to exhaust their administrative remedies.

### Sixteenth Affirmative Defense

Debtors' claims are barred, in whole or in part, by the statute of frauds.

### Seventeenth Affirmative Defense

JPMC owns the trademarks and domain names, or in the alternative, has a license to use the trademarks and domain names.

### Eighteenth Affirmative Defense

WMB used and registered the Washington Mutual and W Logo marks first.

### Nineteenth Affirmative Defense

JPMC's alleged conduct constitutes fair use.

### Twentieth Affirmative Defense

JPMC has not infringed and is not infringing any of the trademarks as there is no likelihood of confusion.

### Twenty-First Affirmative Defense

As to each and every claim of the '985 patent, JPMC has not infringed and is not infringing that claim, either literally, under the doctrine of equivalents, or in any other manner and/or that claim is invalid under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Twenty-Second Affirmative Defense

JPMC owns the '985 patent, or in the alternative, has a license to use the '985 patent.

### Twenty-Third Affirmative Defense

JPMC has not infringed and is not infringing the copyrighted website. JPMC owns the copyright, or in the alternative, has a license to use the copyrighted website.

### Twenty-Fourth Affirmative Defense

The copyright registrations that Debtors purport to own are invalid as a result of Debtors' willful misstatement and omission of facts that, if known to the Copyright Office, might

have caused the Copyright Office to reject the application(s) for copyright registration. In particular, Debtors, in seeking the copyright registrations at issue in this litigation, knowingly and willfully misrepresented themselves as copyright authors and claimants, while at all times knowing that WMB is and was the proper author and claimant of the material subject to the copyright claims. Upon information and belief, the individuals who created copyrightable content for the website were employees of WMB, and thus WMB is and should have been named as the author of the copyrighted works subject to the registration. Upon further information and belief, WMB was under no obligation to, and in fact never did, assign the subject copyright registrations to Debtors.

### Twenty-Fifth Affirmative Defense

To the extent JPMC has a license to the '985 patent or copyrighted website, JPMC retains its rights pursuant to 11 U.S.C. § 365(n)(1)(B).

### Twenty-Sixth Affirmative Defense

To the extent WMI holds legal title to the trademarks, domain names, patent and copyrighted website, WMI holds this intellectual property in constructive trust for JPMC.

JPMC reserves the right to assert any additional affirmative defenses or claims discovered during the course of discovery or further proceedings in this matter.

**WHEREFORE**, plaintiff JPMC demands judgment dismissing the Amended Counterclaims of Debtors with prejudice and awarding plaintiff such additional relief against defendants as the Court may deem proper, including its attorneys' fees, costs and expenses.

Dated: September 21, 2009
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:    (302) 467-4400
Facsimile:    (302) 467-4450

– and –

Robert A. Sacks
Hydee Feldstein
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone:    (310) 712-6600
Facsimile:    (310) 712-8800

Bruce E. Clark
Stacey R. Friedman
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588