# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WASHINGTON MUTUAL, INC., *et al.*,[1] | Case No. 08-12229 (MFW) |
| Debtors. | Jointly Administered |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | |
| | Adv. Proc. No. 09-50551 |
| Plaintiff, | |
| v. | |
| WASHINGTON MUTUAL, INC. AND WMI INVESTMENT CORP., | |
| Defendants for all claims, | |
| and | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | |
| Additional Defendant for Interpleader Claim. | Re: Docket No. 143 |

## DEBTORS' OPPOSITION TO STATEMENT IN SUPPORT OF APPEAL UNDER THE COLLATERAL ORDER DOCTRINE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO APPEAL OF JPMORGAN CHASE BANK, N.A.

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (with WMI, "Debtors") respectfully submit this opposition to the statement in support of appeal under the collateral order doctrine or, in the alternative, motion for leave to appeal (the "Supp. Mot. for Leave") from the

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors continue to share their principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

District Court for the District of Delaware (the "District Court") filed by JPMorgan Chase Bank, National Association ("JPMC") and seeking leave to appeal the September 14, 2009 order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying JPMC's motion to dismiss Debtors' counterclaims in the adversary proceeding captioned *JPMorgan Chase Bank, N.A. v. Washington Mutual, Inc. et al.*, Adv. Proc. No. 09-50551 (MFW) (the "JPMC Adversary Proceeding"). In its motion to dismiss Debtors' counterclaims, JPMC asserted the very same argument previously rejected by the Bankruptcy Court. Thus, the Bankruptcy Court entered the Order based upon its findings made on June 24, 2009 which resulted in the orders entered on July 6, 2009 (the "July 6 Orders," and with the Order, the "Orders") denying JPMC's motion to stay the adversary proceedings and motion to dismiss the Debtors' turnover action (with the JPMC Adversary Proceeding, the "Adversary Proceedings"), finding that:

> [L]aw of the case does preclude this. I have already decided this issue. I haven't heard anything new with respect to 1821(d)(13)(D) or case law construing it to convince me that my decision was wrong.

(Bankruptcy Court Tr. 8/24/09 at 105:18-22). In both instances, the Bankruptcy Court correctly applied clear and controlling Third Circuit Court of Appeals authority dictating that FIRREA's jurisdictional bar was not applicable to the Adversary Proceedings. *See Rosa v. RTC*, 938 F.2d 383 (3d Cir. 1991) (holding FIRREA section 1821(d)(13)(D) does not bar an action against a successor bank concerning assets that it obtained out of receivership pursuant to a P&A Agreement with the RTC); *Hudson United Bank v. Chase Manhattan Bank of Connecticut, N.A.*, 43 F.3d 843 (3d Cir. 1994) (the jurisdictional bar under section 1821(d)(13)(D)(i) "applied only to claims against failed institutions while [section 1821(d)(13)(D)(ii)] applied to claims against the failed institutions specified in (i) as well as to claims against the receiver of such

institutions"). Therefore, Debtors hereby incorporate by reference all of the reasons expressed in their Memorandum of Points and Authorities in Opposition to the Motions of JPMorgan Chase Bank, N.A. and the Federal Deposit Insurance Corporation for Leave to Appeal [Docket No. 105 in JPMC Adversary Proceeding] (the "Opposition") previously filed with the Bankruptcy Court on July 24, 2009 for transmission to the District Court [Docket No. 8. in 09-cv-615].

In their Opposition, Debtors made clear that the July 6 Orders – denying JPMC's motion to stay or transfer the actions to D.C. – failed to qualify under the collateral order doctrine in light of U.S. Supreme Court-authority holding that orders requiring that a party defend itself in a specific forum do not trigger the collateral order doctrine. *See Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 500 (1989) (finding collateral order doctrine *is not* applicable "where a district court has denied a claim, not that the defendant has a right not to be sued at all, but that the suit against the defendant is not properly before the particular court because it lacks jurisdiction."); *see also Carteret Sav. Bank v. Shushan*, 919 F.2d 225, 230 (3d Cir. 1990) (holding that section 1406(a) transfer for lack of personal jurisdiction was not an appealable collateral order). The July 6 Orders, requiring JPMC to litigate the Adversary Proceeding before the Bankruptcy Court and not before the District Court for the District of Columbia, where JPMC incorrectly asserted FIRREA required, were just these kind of orders.[2] The Order here is no different. In fact, the

---

[2] JPMC's motion to stay the JPMC Adversary Proceeding actually sought to transfer the proceeding to the District Court for the District of Columbia. [Docket No. 38 in the JPMC Adversary Proceeding]. Moreover, JPMC allocated a substantial portion of its argument at the hearing before this Court on June 24, 2009, and in many other instances, to its assertion that Debtors' claims against JPMC must go forward, not before this Court, but before the District Court for the District of Columbia. *See* Bankruptcy Court Tr. 6/24/09 ("If Your Honor were to take concurrent jurisdiction over the same claim that must, under FIRREA, be adjudicated in D.C., you are raising starkly the possibility of inconsistent rulings." at 53:10-13; "But, fundamentally, in filing the adversary proceeding, our first request, our fundamental request is that these issues should be resolved, to the extent they are disputed, by the Court in D.C. as part (footnote continued)

Third Circuit references the provision of FIRREA that the Orders concern as FIRREA's "*venue provision.*" *Hudson*, 43 F.3d at 844 (emphasis added). For the very same reason then, as well as the fact that the Order is simply not "important," given that the law is well-settled under *Rosa* and *Hudson*, this Order fails to qualify for the "narrow exception" that is the collateral order doctrine. Confirming this, as discussed below, on September 25, 2009, the Bankruptcy Court, for purposes of determining that it has not been divested of jurisdiction over the Adversary Proceedings (as JPMC wrongfully asserted), determined that under *Lauro Lines*, the Orders could not qualify under the collateral order doctrine.

The Opposition also established that, with respect to the July 6 Orders, JPMC's request that the District Court grant leave to appeal was baseless given the fact that the issue on appeal does not involve a controlling question of law upon which there is substantial grounds for difference of opinion as to its correctness, and because an immediate appeal would not materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corporation*, 496 F.2d 747, 754 (3d Cir. 1974). Here again, the fact that the Bankruptcy Court's decision was squarely dictated by the settled precedent of the Third Circuit forecloses any argument that there exists substantial grounds for difference of opinion about the Order's correctness. Confirming

---

of FIRREA's process. And only to the extent they are not resolved there, or in light of the outcome there, should there be a determination here." at 55:23-56:4; "the D.C. Court is the only Court that can resolve all of these issues. There are these limitations as to imposed by FIRREA on adjudicating these issues as to whether thee [sic.] are or are not assets of the bank." at 59:2-5; "The D.C. Court . . . is the only Court that can give complete relief to everybody in a single forum, given the FIRREA jurisdictional limitations that exist in any other Court." at 60:2-7; "We have suggested that the proper -- a preferable course may be to transfer these actions to D.C., so they can all be adjudicated together." at 60:12-13; "But, again, we are the ones arguing that this case should be adjudicated in that forum, because it is the only forum. . . . And so, either way, Your Honor, we think that both jurisdictionally this must be resolved in D.C., given the limitations imposed jurisdictionally by FIRREA." at 62:14-21.).

this plain truth, as discussed below, on September 25, 2009, the Bankruptcy Court found that JPMC's putative appeals of the Orders were nothing less than "frivolous."

In the Opposition, Debtors further established that an immediate appeal would only frustrate, not promote, the efficient resolution of the Adversary Proceedings, as well as Debtors' bankruptcy cases, particularly given that Debtors' litigation with JPMC likely represents the largest source of recovery in Debtors' bankruptcy cases and that resolution thereof will be an integral part of any chapter 11 plan. JPMC's latest dilatory tactics – wrongfully asserting that JPMC's unilateral and ministerial act of filing its putative appeals divested the Bankruptcy Court of jurisdiction over the Adversary Proceedings – only confirm this conclusion. An immediate interlocutory appeal would simply further JPMC's obvious goal of continuing to saddle its adversaries with cost and delay, harming Debtors' and their creditors.

JPMC raises two points in its Supplemental Motion for Leave not discussed in its original motion or in Debtors' Opposition. Neither changes the fact that the Orders are interlocutory in nature and are not appealable at this time. Therefore, Debtors supplement their Opposition as follows:

### I. The *American National* Decision Cannot Make The Orders "Important" Nor Give Rise To Substantial Grounds For Difference of Opinion Regarding the Orders' Correctness

JPMC asserts that a case formerly pending in the Southern District of Texas somehow fortifies its case for immediate appeal. (Supp. Mot. for Leave at 3-4.) JPMC is wrong. As a threshold matter, the *American National* decision cannot change the fact that the Order is not immediately appealable under the collateral order doctrine pursuant to *Lauro Lines*, 490 U.S. at 501. Even if that were not the case, *American National* cannot make the Order "important."

The *American National* decision from the Southern District of Texas, concerning the applicability of section 1821(d)(13)(D) of FIRREA to claims asserted by certain stakeholders of WMI and WMB, fails to cite *Rosa* or the Bankruptcy Court's decision at all. Just as the court there was not bound by, and did not rely upon, the *Rosa* or *Hudson* opinions, *American National* does nothing to alter *Rosa's* or *Hudson's* controlling nature over the Adversary Proceedings in this Circuit. Thus, *American National* cannot change the fact that the Order is not "important" for purposes of the collateral order doctrine, nor can it possibly give rise to substantial grounds for difference of opinion as to the Order's correctness for purposes of JPMC's request for leave to appeal.

It is also notable that the *American National* court, where Debtors are not a party, never addressed the arguments that Debtors presented to the Bankruptcy Court. Indeed, the court based its decision on the *FDIC's* "right to defend suits against it at specific locations," claiming that "plaintiffs' case is not unlike WMI's suit against the *FDIC-Receiver* that is currently pending in the District Court of Columbia." (*American National* at 4-5.) (emphasis added). The court thus ignored that the *American National* plaintiffs had in fact commenced suit solely against JPMC, and not the FDIC.[3]

*American National* is further puzzling in that it cites *Hudson* for the unremarkable proposition that FIRREA contains a limitation on the venues in which suits may be brought against the FDIC, while ignoring *Hudson's* specific explanation that related section 1821(d)(13)(D) is not a bar or venue-restriction with respect to claims against third-parties. *Hudson,* 43 F.3d at 848 n.10. Further, the *American National* court does not reference the Bankruptcy Court's earlier ruling, which was (necessarily) consistent with both *Rosa* and

---

[3] The FDIC filed a plea of intervention.

*Hudson*. In sum, the 5-page *American National* decision was rendered in a jurisdiction where *Rosa* and *Hudson* do not control, and the court's reasoning, in any event, failed to address the key points that drove the Bankruptcy Court to reach its correct determination that FIRREA is not applicable to the claims at issue here. Thus, *American National* does nothing to enhance JPMC's meritless plea for immediate appeal.

## II. The Bankruptcy Court Was Not Divested Of Jurisdiction When Issuing The Order

Finally, in a last ditch attempt to attack the validity of the Order, JPMC raises an argument that it did not raise in its papers or at the August 24, 2009 Bankruptcy Court hearing: that the Order was issued at a time when the Bankruptcy Court's jurisdiction was divested solely as a result of JPMC's filing of notices of appeal of the July 6 Orders. JPMC ignores the fact that the case law – in the Third Circuit and across other circuits – holds that where the appeal is defective (as *Lauro Lines* makes JPMC's here), the lower court is not divested of jurisdiction and should proceed. *See Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985) ("in both civil and criminal cases . . . the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable . . . . An appeal from a non-appealable judgment or order is sometimes characterized as a 'nullity'."); *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc) (finding notice of appeal to be "manifestly ineffective" and therefore the subsequently-issued trial court order to be valid), quoted with approval in *United States v. Leppo*, 634 F.2d 101, 104-05 (3d Cir. 1980); *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th 1966) (en banc) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the [trial] court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."). Thus, where a

trial court is faced with the filing of a notice of appeal of an interlocutory order that is clearly not appealable, it is not divested of its jurisdiction and is to proceed. The Third Circuit has also held that even where an order is of the rare type that could qualify for the collateral order doctrine (*e.g.*, double jeopardy, 11th amendment immunity – which the Orders are not), the trial court should still proceed where the putative appeal is frivolous on the merits and a product of dilatory tactics. *See Leppo,* 634 F.2d at 104.

As discussed above, and in the Opposition, the Orders are non-appealable and, pursuant to U.S. Supreme Court authority, may not qualify for the collateral order doctrine. *See Lauro Lines*, 490 U.S. at 501 ("an entitlement to avoid suit is different in kind from an entitlement to be sued only in a particular forum"; holding that the latter do not qualify for immediate appeal).[4] Thus, the Bankruptcy Court has not been divested of its jurisdiction and there are no questions as to the Order's validity or legal effect. However, even assuming that the Orders were not barred from qualifying for the collateral order doctrine by *Lauro Lines*, the Bankruptcy Court would still not be divested of jurisdiction under *Leppo*, if JPMC's putative appeals were frivolous on the merits, designed to delay resolution of the Adversary Proceedings. As discussed above,

---

[4] On September 25, 2009, JPMC attempted to argue to the Bankruptcy Court that *Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A.* 947 F.2d 49 (3d Cir. 1991) somehow supported its argument that the July 6 Orders were immediately appealable under the collateral order doctrine, notwithstanding *Lauro Lines*. However, *Praxis* concerned a separate provision of FIRREA that affords the FDIC a right not be sued *at all* for a fixed period of time. *See* 12 U.S.C. § 1821(d)(12). In fact, the Third Circuit analogized this "statutory right to a short litigation cease-fire" to a government official's right to qualified immunity. *Praxis*, 947 F.2d at 60. Thus, as the Bankruptcy Court correctly found, *Praxis* did not involve the type of right at issue in *Lauro* or with the Orders here, *i.e.*, the "right not to be sued in a particular jurisdiction," and is thus distinguishable from *Lauro Lines* and irrelevant to the Orders. *See* Bankruptcy Court Tr. 9/25/09 at 39:2-6 ("*Praxis* is not applicable. It dealt with whether a party can be sued, *i.e.*, whether a 90-day stay applied or a 45-day stay applied, not to an issue of where a party can be sued. So it just is not applicable to this case."). A copy of the pertinent pages of the Bankruptcy Court's transcript from September 25, 2009 is attached hereto as **Exhibit A**.

given the well-settled state of the law on the inapplicability of section 1821(d)(13)(D) in the Third Circuit, JPMC's putative appeals are clearly frivolous, providing an alternate basis for the retention of jurisdiction by the Bankruptcy Court.[5]

### III. The Bankruptcy Court Has Already Determined That (A) JPMC's Appeals (1) Are Not Immediately Appealable; And (2) Are Frivolous, And (B) It Was Not Divested Of Jurisdiction Over The Adversary Proceedings

If there was any question about the foregoing, on September 18, 2009, JPMC filed a "Notice of Divestiture" in which it purported to inform the Bankruptcy Court that it was stripped of its jurisdiction over the Adversary Proceedings solely as a result of JPMC's filing of its notices of appeal of the July 6 Orders more than two months prior. JPMC next requested that it be heard on the matter at the Bankruptcy Court's next scheduled hearing – September 25, 2009. After reviewing briefing submitted by, and hearing argument from, counsel for JPMC and Debtors, the Bankruptcy Court found that under *Lauro Lines*, the Orders were clearly not immediately appealable, and that, therefore, it was not divested of jurisdiction at any time, including at the time that the Order was entered. *See* Bankruptcy Court Tr. 9/25/09 at 38:19-39:2; 39:6-11 ("There's a notice of a divestiture, but I take it the parties are asking me whether the adversary proceeding will proceed, and in my opinion, yes, it will proceed. It is clear that the appeal of the denial of a motion to dismiss or the denial of a motion to stay a proceeding is not appealable. The only exception to that that has been cited is the collateral order doctrine. The Supreme Court has made it clear that this is a narrow exception, and the Supreme Court held in *Lauro Lines* that it does not apply to issues of where a party can be sued as opposed to whether a

---

[5] A copy of Debtors' Response to JPMC's Notice of Divestiture, in which Debtors fully-briefed the fact that the Bankruptcy Court's jurisdiction has not been divested, is attached hereto as **Exhibit B** and incorporated by reference herein.

party can be sued. . . . The fact that JPMC has continued to appear before me and to continue to proceed with this adversary for the past four months, I think evidences an acknowledgment that really their position is frivolous. Need I say it, I do say it, the argument is frivolous that the collateral order doctrine applies."). Moreover, the Bankruptcy Court determined that even if such a result was somehow not dictated by *Lauro Lines* (*i.e.*, even if the Orders could have hypothetically been considered under the collateral order doctrine), it would not have been divested of jurisdiction given the frivolous and dilatory nature of JPMC's putative appeals in view of the controlling nature of *Rosa* and *Hudson*.[6] *See Leppo*, 634 F.2d at 104-105 (3d Cir. 1980) (rejecting former "mechanical application" of divestiture of jurisdiction rule, holding that even if a trial court might otherwise be divested of jurisdiction (because the order is of the type that could be deemed collateral, such as double jeopardy or immunity), if the trial court found that the appeal was frivolous and dilatory it should proceed to the merits, sharing jurisdiction with the court of appeals). Notably, the Bankruptcy Court made its determination after hearing argument from both sides on the impact (or lack thereof) of *American National* to the supposed merits of JPMC's appeals. The Bankruptcy Court's recent ruling only cements what Debtors' Opposition makes clear – the Orders are not immediately appealable under the collateral order doctrine and there is no basis to grant leave for interlocutory appeal.

---

[6] *See* Bankruptcy Court Tr. 9/25/09 at 39:11-15 ("With respect to the merits of the appeal, I've already made my ruling on that numerous times. I need not issue it again. I think the decision of JPMC that I do not have jurisdiction is frivolous.").

## CONCLUSION

For the reasons discussed, this Court should find that the Orders do not qualify for immediate appeal under the collateral order doctrine and deny JPMC's motion for leave.

Dated: September 28, 2009
Wilmington, Delaware

**ELLIOTT GREENLEAF**

Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Neil R. Lapinski (DE Bar No. 3645)
Shelley A. Kinsella (DE Bar No. 4023)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
E-mail: rxza@elliottgreenleaf.com
E-mail: nrl@elliottgreenleaf.com
E-mail: sak@elliottgreenleaf.com

-and-

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Peter E. Calamari
Michael B. Carlinsky
Susheel Kirpalani
David Elsberg
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Special Litigation and Conflicts Co-Counsel to Washington Mutual, Inc. and WMI Investment Corp.*